DOMENGEAUX, Judge.
James R. Simpson appeals a district court judgment allowing a change in a previous judgment by which his name was substituted for that of the cast defendant, James L. Simpson.
The facts show that James R. Simpson rented an apartment from plaintiff, William Hugh Shearman, wherein he resided with his wife and five year old son, James L. Simpson, until the end of 1970. At that time he moved from the apartment, which was located at 331 Wilson Street, Lake Charles, Louisiana, to a new abode located at 1732 Hodges Street, in the same city.
Following the move, a dispute arose between Mr. Simpson and Mr. Shearman as the latter contended that he was owed the sum of $221.27 in past due rent.
On May 13, 1971, plaintiff’s counsel wrote a letter addressed to James L. Simpson, at the Hodges Street address, setting out plaintiff’s demand for the said amount of $221.27 allegedly owing at the time the Simpsons left plaintiff’s apartment, but received no reply. Accordingly, on July 20, 1971, plaintiff filed a suit for the collection of that sum, entitled William Hugh Shearman vs. James L. Simpson. No answer was filed and in due course a default judgment was taken against James L. Simpson. Following the delay for appeal, garnishment proceedings were initiated against the Firestone Tire and Rubber Company, employer of James R. Simpson. It was then that the error was discovered, and plaintiff filed a rule to show cause why the name of the defendant should not *714 be changed from James L. Simpson to James R. Simpson.
James R. Simpson contested the rale, but the trial judge held for plaintiff, allowing the change and amending the previous judgment so as to cast James R. Simpson in the amount of $221.27, with interest, and for costs. Additionally, the trial judge nullified the garnishment proceedings to date, requiring that new proceedings be instituted in the name of James R. Simpson, and assessed the costs of the rule to plaintiff. The latter part of the judgment was not appealed by plaintiff and we therefore concern ourselves only with defendant’s appeal.
Defendant asserts that the trial judge erred in substituting his name for that of his five year old son by changing the middle initial from L to R. He argues that this is not a change allowed by Article 1951 of the Louisiana Code of Civil Procedure, dealing with the amendment of judgments and reading as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Defendant’s position is devoid of merit. We note that plaintiff’s secretary, who was in charge of the rental property involved, testified that her records showed only the name of James L. Simpson and that she customarily wrote to defendant in that name. Defendant received the demand letter from plaintiff’s counsel addressed to James L. Simpson. He was served with the petition and a copy of the default judgment, each bearing that name. It appears ludicrous to us that defendant could actually take the stand and testify that he had reason to doubt that he was the person intended to receive the demand letter of May 13, 1971, because it was addressed to his five year old son, whose name was different from his only in the middle initial. The remainder of his testimony on the point works equal violence to our ideals of seeking justice rather than dwelling on procedural technicalities. C. C.P. Arts. 865, 5051.
There is no question of identity in this case, and there can be no doubt in anyone’s mind, including that of James R. Simpson, that the defendant was intended to be he rather than his five year old son, James L. Simpson. He admitted receiving all of the documents connected with the suit, hence he certainly had adequate notice of its existence. Under these circumstances we are not inclined to allow the wheels of justice to turn to a futile end.
The jurisprudence of this state provides ample authority for allowing this amendment to the judgment. Wagenvoord Broadcasting Company, Inc. v. Blanchard, La.App., 261 So.2d 257. Writs refused June 22, 1972, La., 263 So.2d 48, and cases therein cited. We note particularly the Louisiana Supreme Court case of Town of Mandeville v. Paquette, 153 La. 33, 95 So. 391, wherein the court allowed a change in the lower court’s judgment, by ex parte order, that substituted the name “American Surety Company of New York” for the name “American Bonding Company” which had previously been used in designating the defendant. The judgment in that case was amended before it was signed, but at that time we were still operating under the old Code of Practice, which under Article 547, provided that:
Judgments may be amended by the court, until after having been signed, in order.
1. To alter the phraseology of the judgment, but not its substance;
2. To correct errors of calculation, as for instance, if more have been given than was demanded, or if the party in favor of whom the judgment was given had been ordered to pay the costs.
*715 Except in the cases above provided, courts can not alter their judgments; but they may, ex officio, direct a new trial in order to revise their judgments.
The article quoted above from the current Code of Civil Procedure, Art. 1951, eliminates the limitation making such amendments possible only until the judgment is signed but retains the same grounds for amendment. Thus, under the new article the amendment made in the case at bar was both timely and proper. Additionally, we note the final statement of the court in the Town of Mandeville v. Paquette case, supra, that “If the judge had not made the correction, we would make it now.”
For the above and foregoing reasons we find no error in the judgment of the district court, and accordingly, the same is affirmed at the cost of defendant-appellant.
Affirmed.