446 So.2d 457 (1984)
Patricia MORRIS
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. CA 1122.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Writ Denied April 2, 1984.
Darleen Jacobs, New Orleans, for plaintiff-appellee.
James Maher, III, New Orleans, for defendant-appellant.
Before BYRNES, AUGUSTINE and WARD, JJ.
BYRNES, Judge.
This appeal arises out of a tort action involving injuries sustained by plaintiff when she fell while disembarking from a NOPSI bus. Patricia Morris, plaintiff-appellee, brought suit against New Orleans Public Service Inc. in the Civil District Court for Orleans Parish. The matter was tried before a jury on January 31, 1983 which returned a verdict in favor of the defendant finding the plaintiff contributorily negligent. The trial judge entered judgment in accordance with the jury's findings, dismissing plaintiff's suit at her cost. On March 22, 1983 the judge, on his own motion, amended the earlier judgment and assessed all costs against NOPSI. NOPSI appeals.
*458 NOPSI contends that the trial judge abused his discretion and acted in contravention of C.C.P. Art. 1951 by assessing costs against NOPSI in an amended judgment. Article 1951 states that judgments may be amended by the court at any time: "(1.) To alter the phraseology of the judgment, but not the substance; or (2.) to correct errors of calculation." NOPSI argues that the change in the assessment of costs alters the substance of the judgment and is therefore prohibited.
A trial court has wide discretion in assessing costs as it deems most equitable. C.C.P. Art. 1920; Bowman v. New Orleans Public Service Inc., 410 So.2d 270 (La.App. 4th Cir.1982). On review we are mandated to render any judgment which is proper based on the record, including the assessment of trial court costs. C.C.P. Art. 2164. See also Custom Builders and Supply Inc. v. Revels, 310 So.2d 862 (La. App. 3rd Cir.1975).
In the present case both parties were found negligent. The accident occurred prior to our new comparative negligence statutes and plaintiff was therefore barred from recovering damages. The trial court apparently felt that equity demanded that the plaintiff not be taxed with the costs of the suit. At the close of proceedings the trial judge stated:
The court is going to assess as expert fees $150.00 for [each doctor] ... and, of course, will sign a judgment tomorrow, taxing all costs against the defendant. (tr. 396). [emphasis added]
The court then asked each party if they wished to add anything to the record and counsel for each responded "no". We note that the defendant made no objection to the assessment of costs when the court made the above statement.
Article 1951 permits the amendment of judgments on the court's own initiative to correct a clerical error, as long as the substance of the judgment remains unchanged. James v. James, 393 So.2d 162 (La.App. 1st Cir.1980); Frazier v. Carl E. Woodward, Inc., 378 So.2d 209 (La.App. 4th Cir.1979).
It is clear from the transcript that the court originally intended to assess costs against the defendant. Due to an apparent clerical error the court signed a judgment which assessed costs against the plaintiff. Upon discovering the mistake the court amended the original judgment to be consistent with the court's intended assessment of costs. We find that the amended judgment did not alter the substance of the original judgment as evidenced by the court's statements in the record.
For the foregoing reasons the judgment of the trial court is affirmed.
All costs of this appeal are to be borne by appellant.
AFFIRMED.
WARD, J., dissents in part with reasons.
WARD, Judge, dissenting in part with reasons.
I agree with the majority's conclusion the Trial Judge had authority to amend the written judgment to conform with his previously expressed intention to assess costs to NOPSI.
However, I dissent from that portion of the majority's opinion which found the Trial Judge acted within his discretion when he first assessed costs to the successful litigant, NOPSI. C.C.P. Art. 1920 is the determinative law:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, on any part thereof, against any party, as it may consider equitable.
Thus the basic rule is set out in the first paragraph: all costs are to be paid by the party cast. The second paragraph is broad, indeed, and as the majority holds it has been judicially interpreted to give the Trial Judge discretion to assess costs against a successful litigant as long as the Trial Judge believes the assessment to be "equitable". In the instant case, I do not *459 believe assessment of costs to NOPSI is equitable. I believe a reasonable interpretation of Art. 1920 and the jurisprudence is that the plaintiff in a civil action is primarily bound for all costs until a defendant is cast in judgment, Vernon Co. v. Carter, 254 So.2d 297 (La.App. 4th Cir.1971), and the Trial Judge may exercise his discretion to assess costs to a successful litigant to do justice, as in those rare cases, for example, when the litigant acts unreasonably or abuses the judicial process by unreasonably incurring unnecessary costs.
I believe it is not equitable, rather it is an abuse of discretion to assess costs to a successful litigant either on a deep pockets theory or because the defendant, NOPSI, as well as the plaintiff, Morris, was found to be negligent. The Trial Judge should not consider only the negligence of the defendant, but the negligence of the plaintiff, as well as the reasonableness of both the cause of action and the defense against it. Plaintiff was found contributorily negligent and barred from recovery under the law at the time of her injury and, therefore, the defendant was reasonable in asserting a defense which proved successful and should not be cast in judgment.
I recognize the force of authority of the cases cited by the majority, but I am not persuaded by their logic and I disagree with their conclusions, and, insofar as they are inconsistent with these views, I would overrule them.
The Trial Judge abuses his discretion, when as in the instant case the effect of his ruling isyou win, but you lose. And while not the instant case, the collateral effect of the ruling will be to encourage suits by plaintiffs who will have nothing to lose but everything to gain, who can now reasonably hope to recover nuisance value claims from some litigants who, after this decision, can anticipate they will always lose because they will be assessed costs of court.