GUIDRY, Judge.
Plaintiff, Elaine Tabor Kerr, filed a rule nisi against her former husband, Harold A. Kerr, Sr., seeking to amend the phraseology of the judgment of divorce dated July 19, 1979, which dissolved the parties’ marriage. The trial court, for written reasons assigned, amended the judgment as prayed for concluding that the amendment was not substantive. Defendant in rule, Harold A. Kerr, Sr., appealed.
The sole issue on appeal is whether the ordered amendment was one of substance or simply an alteration in the phraseology of the judgment.
FACTS
Elaine petitioned the trial court for a judgment of absolute divorce on April 10, 1979 on the ground the parties had lived separate and apart for a period in excess of one year. The petition also contained a *978 request by Elaine for the court to recognize Harold’s military retirement benefits as belonging to the community, thereby entitling her to one-half of same. Plaintiff’s petition in the divorce action stated in pertinent part:
“Plaintiff further shows that the defendant served in the United States Air Force for a period of 23 years, and that the plaintiff and defendant were married for 22 of those 23 years; therefore, plaintiff desires to be awarded one-half of the defendant’s retirement that he received during the 22 years of their marriage, which he receives monthly in the amount of approximately $600.00.”
By default judgment dated July 19, 1979, Elaine obtained a judgment of absolute divorce from Harold. The part of that judgment with which we are here concerned reads as follows:
“ORDERED, ADJUDGED AND DECREED That the plaintiff, ELAINE TABOR KERR, be recognized as the owner of an undivided one-half (½) interest in and to the defendant’s retirement which he received during the 22 years of their marriage, said retirement being benefits derived from serving 23 years in the United States Air Force.”
On May 22, 1984, Elaine filed a rule nisi to amend the above judgment, contending that the U.S. Air Force would not pay her portion of Harold’s retirement unless and until the judgment of divorce expressed the amount owned to her either in a dollar figure or as a percentage of Harold’s disposable retired pay. After a hearing on the rule, the trial judge ruled in plaintiff’s favor, recognizing her, by amended judgment, to be the owner of a “... 47.82% interest in and to the annuity (or lump sum payment) of defendant’s United States Air Force retirement”.
In his written reasons for judgment, the trial judge stated:
“Though it is true the language in the original divorce judgment is not as precise as it could be, it is obvious that the intention of the judgment was to recognize Elaine Tabor Kerr’s community interest in Harold Kerr’s military retirement. Under Louisiana law, military retirement is community property. See Swope v. Mitchell, 324 So2d 461 (La.App. 3rd Cir.1975). Cf. Simmons v. Simmons, No. 83-758 (La.App. 3rd Cir. 1984).[1] Moreover, a spouse’s community interest in the military retirement pay is expressed in the following ratio;
Portion of pension attributable to creditable service during existence of community h- pension attributable to total creditable service x V2 X annuity (or lump sum payment).
See Sims v. Sims, 358 So2d 919 (La.1978); T.L. James & Co., Inc. v. Montgomery, 332 So2d 834 (La.1976). Cf. Simmons v. Simmons, supra. Since the intention of the original judgment was to recognize Mrs. Kerr’s community interest in her ex-husband’s military retirement, a change in that judgment" which simply states the percentage indicated by the above ratio would only be a change in phraseology, not a change in substance. Such a change in phraseology is allowed under L.S.A.-C.C.P. Art. 1951.
In the present case, the original divorce judgment shows that the total retirement is attributable to 23 years of military service. The community existed for 22 of those 23 years. Applying the above ratio, Elaine Tabor Kerr’s interest in the community is;
% X ½ X annuity (or lump sum payment) = 47.82% X annuity (or lump sum payment).”
Appellant argues on appeal that the change made by the trial court was not simply one of phraseology but one of substance, therefore prohibited by LA.C.C.P. Art. 1951.[2] The basis of his argument is *979 that the trial court assumed, without any supporting evidence before him, that appellant served 22 of his 23 years of service in the Air Force during his marriage to plaintiff. Appellant contends that because of this assumption and the implementation of such into the above formula utilized by the court, a substantive change was made in the original divorce decree. Appellant also contends that the trial court could not make a determination of plaintiffs interest in his retirement benefits without knowing the exact number of years which he served in the Air Force during his marriage.
Appellee counters that the only change made by the amended judgment was one of phraseology, which was required by the United State Air Force prior to a distribution to plaintiff of her share of defendant’s retirement benefits. Appellee asserts that the original divorce decree recognized ap-pellee’s entitlement to one-half of that portion of appellant’s pension attributable to military service during the community’s existence, i.e., 22 years, and that judgment is now final.
The divorce judgment was taken by default. Presumably no transcript was made of the evidence presented in support of that judgment or, if made, it has not been made a part of this record. In any event, it is well settled that, absent proof to the contrary, a default judgment is presumed to have been rendered upon sufficient proof of each essential element of the claim as if each element had been specifically denied. Succession of Rock v. Allstate Life Insurance Co., 340 So.2d 1325 (La.1976); Elliott v. Lewis, 384 So.2d 517 (La.App. 2d Cir.1980); Mouton v. Mosley, 448 So.2d 893 (La.App. 3rd Cir.1984). The judgment of July 19,1979 is therefore presumed to have been supported by competent proof and is now final.
Considering the allegations of plaintiff’s petition in the divorce proceeding; the recital in the judgment of July 19, 1979, previously quoted herein; and, the trial court’s minute entry on confirmation of default which states, in pertinent part, “... Judgment further rendered recognizing and entitling plaintiff to one-half (V2) interest in and to defendant’s retirement benefits of the United States Air Force ...”, it is clear, as found by the trial court, that the judgment recognizes and decrees Elaine Kerr’s entitlement to her community interest in Harold Kerr’s military retirement such portion being based on Harold’s 23 years of military service and the marriage of said parties during 22 years of such service. We likewise agree with the learned trial judge that an amendment to the aforesaid judgment, which merely changes the language of the judgment to express in percentage figures the appel-lee’s community interest in appellant’s military pension, amounts to nothing more than a change in phraseology which is permitted by La.C.C.P. Art. 1951.
For the above and foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.

. Simmons v. Simmons is found at 453 So.2d 631 (La.App. 3rd Cir.1984).

. La.C.C.P. Art. 1951 provides:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.”