628 So.2d 1168 (1993)
Charles R. GOTTE, Plaintiff-Appellee,
v.
MAGNUM ELECTRIC CO., INC., Defendant-Appellant.
No. 93-510.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*1169 David Emile Marcantel, Jennings, for Charles R. Gotte.
Charles J. Foret, Lafayette, for Magnum Elec. Co., Inc.
Before GUIDRY, KNOLL and SAUNDERS, JJ.
KNOLL, Judge.
Magnum Electric Co., Inc. and its worker's compensation insurer, Cigna Insurance Companies,[1] appeal a judgment rendered by a hearing officer in a worker's compensation claim brought by Charles R. Gotte. In the *1170 judgment, the hearing officer awarded Gotte supplemental earnings benefits of $227.74 a month, retroactive to November 15, 1991, together with penalties and attorney's fees of $7,500 for defendants' refusal to pay further medical benefits.
Magnum and Cigna contend that the hearing officer was manifestly erroneous: (1) in its consideration of the medical report of Dr. Ronald S. Kober which was not offered into evidence at the time of trial; (2) by ordering defendants to pay attorney's fees for their failure to pay medical expenses; (3) in its order that the defendants pay for all of Gotte's related medical treatment; (4) in awarding supplemental earnings benefits; and, (5) casting the defendants with 12% penalties on all past due worker's compensation benefits.
Gotte answered the appeal, contending that the hearing officer: (1) incorrectly reduced his worker's compensation benefits from temporary, total disability to supplemental earning benefits; (2) failing to reinstate temporary total benefits retroactive to October 15, 1991; (3) failing to award penalties on temporary, total benefits from October 15, 1991, together with legal interest until paid; and, (4) failing to specifically include Dr. John E. Cobb's medical bill of $700 and the physical therapy bill of $1,699 to Lake Area Rehabilitation Services. Gotte further asks for an increase of attorney's fees together with an award thereon of legal interest until paid for additional legal work on the appellate level.

FACTS
Gotte injured his back and neck in a work-related accident on August 20, 1990, when he slipped on stairs and fell while working for Magnum Electric.
Gotte was paid temporary, total disability payments of $185 per week from August 29, 1990, to October 15, 1990. All worker's compensation benefits were temporarily terminated on February 18, 1991; however, on March 11, 1991, benefits were reinstated and paid retroactively to the point of termination. Subsequently, on October 15, 1991, Cigna reduced Gotte's benefits from temporary, total disability to supplemental earnings benefits of $227.74 a month, and on November 15, 1991, terminated all worker's compensation benefits.
Since Gotte's medical treatment is essential to the discussion of the issues he, Magnum and Cigna raise, we will detail the doctors' medical opinions in the body of the opinion.

HEARING OFFICER'S CONSIDERATION OF POST-TRIAL MEDICAL REPORT
Magnum and Cigna first contend that the hearing officer improperly considered the medical report of Dr. Ronald S. Kober in its determination of Gotte's disability. They argue that the introduction of Dr. Kober's medical report was not approved at the trial on the merits when the hearing officer allowed the record to remain open for the taking of additional depositions from Dr. Louis E. Shirley, Jr., Dr. John Cobb, and Cigna's claim's representative, Susan Engstrand.
The hearing on Gotte's worker's compensation claim was held on December 9, 1991, and as the result of inclement weather, the record was held open for the taking of Engstrand's deposition. The hearing officer further allowed the record to remain open for the taking of Dr. Louis E. Shirley's deposition as well as that of Dr. John Cobb.
On February 7, 1992, Gotte filed the depositions of Dr. Shirley and Engstrand into evidence, and further submitted the February 3, 1992, medical report of Dr. Kober for the hearing officer's consideration. Although *1171 the record shows that the hearing officer did not sign Gotte's order for the introduction of Dr. Kober's medical report, it is apparent from two references in the hearing officer's judgment that this medical report was considered. It is also clear from the letter Gotte submitted to the hearing officer that Cigna and Magnum opposed the filing of Dr. Kober's medical report.
LSA-R.S. 23:1317 provides in pertinent part:
"[T]he hearing officer shall hear the evidence that may be presented by each party. Each party shall have the right to be present at any hearing or to appear through an attorney. The hearing officer shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself...."
Rules promulgated by the Office of Worker's Compensation have established that generally the Louisiana Code of Evidence and Code of Civil Procedure shall govern objection to the introduction of evidence. Louisiana Administrative Code, Title 40, Part I, Chapter 21, Rule 2149. More particularly, Louisiana Administrative Code, Title 40, Part I, Chapter 21, Rule 2143, inter alia, prohibits the hearing officer's consideration of medical evidence submitted into evidence after the hearing, when the defendant objects to its introduction.
The record shows that the hearing officer did not hold the record open for Dr. Kober's medical opinion, and Gotte unilaterally presented this medical evidence to the hearing officer after the conclusion of the administrative hearing over the objection of defendants. Based on the law and the facts presented, we find that the hearing officer improperly considered the medical report of Dr. Kober in reaching her determination of this worker's compensation claim. Thus, we find Dr. Kober's medical report not properly included as evidence in the appellate record, and accordingly, we will not refer to Dr. Kober's report in our evaluation of the evidence relative to Gotte's proof of disability.

DISABILITY DETERMINATION
Magnum and Cigna contend that the hearing officer was manifestly erroneous in its determination that Gotte was entitled to receive supplemental earnings benefits. Gotte, on the other hand, contends in his answer to the appeal that the hearing officer was manifestly erroneous in its determination that he was not entitled to temporary total disability benefits.
An injured worker who seeks worker's compensation benefits on the basis he is temporarily totally disabled bears the burden of proving such disability by clear and convincing evidence. LSA-R.S. 23:1221(1)(c). Thus, in order to receive temporary, total disability, a worker must show by clear and convincing evidence that he is physically unable to engage in any employment. Tanner v. International Maintenance Corp., 602 So.2d 1133 (La.App. 1st Cir.1992). Although the worker's compensation laws are construed liberally in favor of the claimant, that interpretation cannot lessen the injured worker's burden. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993).
To qualify for supplemental earnings benefits (SEB), a claimant must prove by a preponderance of the evidence that a work-related injury resulted in his inability to earn wages equal to 90% or more of his wages at the time of injury. Tassin v. Cigna Ins. Co., 583 So.2d 1222 (La.App. 3rd Cir. 1991). Entitlement to SEB benefits under the worker's compensation act is based upon the claimant's ability or inability to earn wages. Under LSA-R.S. 23:1221(3)(c)(i), if an employee is not working, then the employer must prove that employment which the *1172 claimant is physically able to perform has been offered or is available. Id.
A claimant's disability can be proven by medical and lay testimony. The hearing officer must weigh all the evidence, medical and lay, in order to determine if the worker has met his burden. Id. This factual determination is given great weight by a reviewing court and will not be overturned absent manifest error. Prim v. City of Shreveport, 297 So.2d 421 (La.1974).
In the case sub judice, the hearing officer determined that on October 15, 1991, Magnum and Cigna properly reduced Gotte's disability benefits from temporary total disability to supplemental earnings benefits. The hearing officer reached this determination on the basis of the investigative report of William Curet and the medical reports of Drs. L.E. Shirley and R. Dale Bernauer.
There is no dispute in the record that Gotte was entitled to and did receive temporary total disability benefits from the time of the accident to October 15, 1991. The testimony of Dr. Shirley, a general practitioner, and Dr. Bernauer, an orthopedist, clearly shows that Gotte's injury to his back and neck did not allow him to return to work. Accordingly, neither doctor provided him with such a release.
Beginning on September 23, 1991, Dr. Bernauer noted that Gotte had continued pain and numbness in the left arm which could not be attributed to a ruptured disc. Instead, he opined that it was more than likely that Gotte had a thoracic outlet syndrome. Dr. Bernauer opined that this syndrome can be caused by trauma and could be related to Gotte's work-related accident. As a result, he suggested that Gotte be examined by a vascular surgeon. As of the time of trial, this additional examination had not been done because Cigna would not authorize payment.
Dr. Shirley explained that thoracic outlet syndrome means that there is decreased circulation in the arm when the arm is lifted above shoulder level. Essentially it is an absence of a pulse in the affected limb, and it causes pain in the back as well as numbness. As his examination in November of 1991, Dr. Shirley determined from objective testing that Gotte had a thoracic outlet syndrome on the left. When questioned at length in his deposition, Dr. Shirley was firm in his conviction that Gotte had thoracic outlet syndrome and that Gotte needed additional medical/surgical treatment for this condition.
In their attack of this SEB award, Magnum and Cigna rely on various investigative photographs taken which show Gotte engaged in various activities which contradicted the medical recommendations. They contend that this evidence shows that Gotte was able to perform the same job he had prior to the accident.
William D. Curet, a private investigator, testified that Cigna hired him to determine what activities Gotte was engaged in. Curet performed surveillance on two occasions, one in July 1991 for four days and a second in September 1992 for three days.
Curet's report to Cigna included photographs and a written report on his observations. Curet reported that Gotte was seen fishing, lifting objects over his head with his left hand, carrying objects under his left arm, using a rifle, carrying a child under his left arm, lifting a utility pole approximately 10 to 12 feet long and weighing 250 to 300 pounds.
We acknowledge that these surveillance photographs question the presence of a continuing disability which would prohibit Gotte from returning to work. However, in light of the strong, uncontradicted medical evidence which, through objective testing, confirms the diagnosis of thoracic outlet syndrome, we cannot say that the surveillance photographs are conclusive proof of Gotte's ability to return to work. When viewed in combination with the medical testimony, the private investigative report is not as valuable as it would have been had the testimony of Dr. Shirley and Dr. Bernauer not have been as strong. Rather, these photographs indicate to us that Gotte engaged in a limited amount of lifting *1173 which, in light of the medical evidence, he should not have done.
Based on the diagnosis of thoracic outlet syndrome, the medical testimony nonetheless preponderates that Gotte could engage in limited work activity which did not involve lifting anything above his shoulders. After carefully reviewing the evidence, we find no error in the hearing officer's determination that as of November 15, 1991, Gotte failed to show by clear and convincing evidence that he was still entitled to temporary total disability benefits. Nevertheless, we find no manifest error in the hearing officer's determination that Gotte established his entitlement to SEB until such time he undergoes surgery to correct the thoracic outlet syndrome or until he is able to return to a gainful occupation at his pre-injury wages or self-employment.

STATUTORY PENALTIES AND ATTORNEY'S FEES
Magnum and Cigna contend that the hearing officer was manifestly erroneous in its award of penalties and attorney's fees for their discontinuation of supplemental earnings benefits and their denial of further medical benefits.
The employer or insurer is liable for statutory penalties for withholding benefits without evidence to "reasonably controvert" the employee's right to compensation and medical benefits. LSA-R.S. 23:1201. Additionally, attorney's fees are recoverable if the employer or insurer acted arbitrarily, capriciously or without probable cause in refusing to pay or terminating benefits. LSA-R.S. 23:1201.2.
The hearing officer first concluded that Gotte was entitled to statutory penalties on the supplemental earnings benefits from November 15, 1991, the date all worker's compensation benefits were discontinued.
Based on the medical evidence, none of which released Gotte to return to work, it is clear that Magnum and Cigna did not produce evidence which reasonably controverted Gotte's entitlement to continued compensation and medical benefits. At the time of termination, Drs. Bernauer and Shirley recommended further examination of Gotte for the presence of thoracic outlet syndrome and for determination of the course of medical treatment which should be offered. These medical requests were rejected by Cigna.
In light of the medical recommendations, the record further supports the hearing officer's determination that Magnum and Cigna acted arbitrarily, capriciously and without probable cause in their termination of benefits.
On appeal, Gotte requests an increase in the attorney's fees for his defense of the judgment on appellate review. Even though Gotte has not been completely successful on his request for additional relief on the appellate level, we find that he is nonetheless entitled to additional attorney's fees since he has successfully defended the judgment of the hearing officer. Accordingly, we find that Gotte is entitled to an additional $800 for attorney's fees, and we will amend the judgment accordingly.

EXPENSES OF MEDICAL TREATMENT
In his answer to the appeal, Gotte asks that the judgment of the hearing officer be amended to specify that Magnum and Cigna be responsible for all medical expenses related to medical treatment. In particular, he asks that the judgment specify that they are responsible for unpaid medical expenses to Dr. John Cobb ($700) and Lake Area Rehabilitation ($1,699).
The law is well established that the employer or his insurer must provide all necessary medical care and treatment. Bailey, supra.
Gotte was seen by Dr. Cobb, an orthopedic surgeon, on March 22, 1991. Cigna had terminated worker's compensation benefits on February 13, 1991, and Gotte instituted a claim on March 19, 1991, for *1174 reinstatement of benefits. In reaction to the filing of the claim, Cigna mailed a check on March 27, 1991, to catch up and reinstate Gotte's benefits. Thus, it was in this interim time that Dr. Cobb examined Gotte.
Dr. Cobb did not testify at trial. However, Dr. Cobb issued a medical report on Gotte's condition on April 5, 1991, in which he opined that he suffered a soft tissue injury, but that his symptoms suggested a thoracic outlet problem and recommended further testing. Based on the fact that Dr. Cobb was consulted before Gotte's benefits were reinstated by Cigna and his examination was for the diagnosis and treatment of injuries he received in his work-related accident, we find that Magnun and Cigna are obligated for the expenses incurred in that examination.
On July 26, 1991, Dr. Bernauer examined Gotte and again ordered physical therapy treatment. Thus, from August 1, 1991, through September 30, 1991, Gotte received physical therapy at Lake Area Rehabilitation Services. Cigna never approved this treatment and Lake Area is still owed $1,699. Clearly, we find that the physical therapy constituted related medical treatment for which Magnum and Cigna are liable.
For the foregoing reasons, the judgment of the hearing officer is affirmed in all respects, except with regard to the following amendments: (1) IT IS ORDERED ADJUDGED AND DECREED that Magnum and Cigna pay for all related medical treatment, particularly the examination charges of Dr. John Cobb and Lake Area Rehabilitation Services; and, (2) IT IS FURTHER ORDERED ADJUDGED AND DECREED that Cigna and Magnum pay to Gotte an additional attorney fee of $800 for the cost of appellate representation.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] The judgment signed on December 15, 1992, by the hearing officer refers to only one of two defendants and does not name the defendant referred to. Since we are able to ascertain the names of the defendants from the record, we have chosen not to remand the case for the amendment of the judgment. See, Glen Falls Indemnity Co. v. Manning, 168 So. 787 (La.App. Orl.1936), and compare, Scott v. State, 525 So.2d 689 (La.App. 1st Cir.1988), writ denied, 558 So.2d 1128 (La.1990).