# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1394


MICHAEL W. TRAHAN

VERSUS

CITY OF CROWLEY


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT # 4
PARISH OF LAFAYETTE, NO. 02-09331
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********


Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**Michael B. Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**Counsel for Claimant/Appellee:**
     **Michael W. Trahan**

**Christopher R. Philipp**
**Attorney at Law**
**P. O. Box 2369**
**Lafayette, LA 70502-2369**
**Counsel for Defendant/Appellant:**
     **City of Crowley**

**PICKETT, Judge.**

Following a hearing on July 29, 2008, a workers' compensation judge (WCJ) granted the claimant's, Michael W. Trahan's, motion to amend judgment. The defendant, the City of Crowley, appeals that action. The claimant also appeals, arguing that if this court reverses the WCJ's action, it should also "reverse the awarding of a 'credit for all indemnity benefits previously paid.'" We affirm the decision of the WCJ.

## FACTS

This case formerly was formerly before this court: *see Trahan v. City of Crowley*, 07-266 (La.App. 3 Cir. 10/3/07), 967 So.2d 557, *writs denied*, 07-2462 (La. 2/15/08), 976 So.2d 185 and 07-2471 (La. 2/15/08), 976 So.2d 187. The facts, as set forth in that opinion are as follows:

> On November 15, 1993, the claimant/employee, Michael Trahan (Trahan), injured his back in the course and scope of his employment with the City of Crowley (City). The City paid Trahan temporary total disability benefits (TTD) beginning November 17, 1993 at a rate of $171.75 per week based upon an average weekly wage (AWW) of $257.73. Trahan's TTD benefits were relegated to supplemental earnings benefits (SEB) on May 25, 1994 at a rate of $744.25 per month. On October 27, 1997, SEB was reduced to $266.34 per month as result of a job offer extended by the City. Thereafter, on April 27, 1998, Trahan's benefits were increased to $369.39 per month, which is the amount he was receiving at trial.
>
> Contending that he had been underpaid compensation benefits, Trahan filed a Disputed Claim for Compensation (Form 1008) on December 16, 2002, asserting that on November 15, 1993 he slipped and fell, injuring his back while working for the City. Trahan also sought penalties and attorney fees. The City answered, generally denying the allegations set forth by Trahan, including the occurrence of a work-related accident, the nature and extent of Trahan's disability, and the amount of workers' compensation benefits to which he was entitled. The City also filed an exception, asserting that Trahan's claims for penalties and attorney fees had prescribed.

1

Following the trial on August 11, 2005, the workers' compensation judge (WCJ) found that the City improperly calculated Trahan's AWW by failing to include certain fringe benefits in its computation. The WCJ ruled that the correct calculation yielded an AWW of $205.63. On the issue of the reduction in SEB, the WCJ found that the reduction implemented as a result of the job offer was improper since the part-time job did not constitute a suitable job, and the offer of employment was not in keeping with the dictates of *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840 (La.7/1/97), 696 So.2d 551. The WCJ also ruled in favor of Trahan and awarded him permanent and total disability benefits as a result of the November 15, 1993 accident.

*Trahan*, 967 So.2d at 559.

The judgment which was the subject of the former appeal ordered "the CITY OF CROWLEY pay total disability benefits to MICHAEL W. TRAHAN beginning *November 16, 2003* at the rate of $205.63 per week" (last emphasis ours). Subsequently, noting that the claimant's disability had actually begun on *November 16, 1993*, counsel for Trahan filed a motion to amend the judgment on June 16, 2008, so that it would conform to the facts and to the order of the WCJ as affirmed by this court. A hearing on the motion to amend was held on July 29, 2008. At the close of the hearing, the WCJ stated:

> The calculation should have been fairly simple, and it should have been since 1993, subject to a credit for A, B, and C. . . . [T]herefore I do find that it is an error of calculation and order that the judgment be amanded to reflect the commencement date of 1993 as was obviously [intended].
>
> . . . .
>
> So, I am amending the judgment and the proper judgment is commencement [sic] of November 16, 1993 at the rate of . . . Two Hundred and Five Dollars and Sixty-three Cents per week until further orders of this office. Subject to a credit of One Ninety-four O Three (194.03) per month beginning April 2, 2004 as retirement benefits. Credit in the amount of Five Hundred and Fifty-eight Dollars and Forty-two Cents ($558.42) for salary and subject to a credit for any benefits paid since November 16, 1993. Any indemnity benefits paid, that is my calculation.

2

An amended judgment in conformity with the foregoing was signed August 27, 2008, and the City appeals.

## LAW AND DISCUSSION

On appeal the City argues that the WCJ erred in amending the judgment in that the amendment constituted a substantial change in the judgment. Any substantial change in a judgment is prohibited by amendment under La.Code Civ.P. art. 1951, which provides: "A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation."

In *Cross v. Timber Trails Apartments*, 06-1037, pp. 7-10 (La.App. 3 Cir. 2/7/07), 949 So.2d 616, 619-21, this court noted the following:

> Article 1951, Official Revision Comment (b), cites *Glen Falls Indemnity Company v. Manning*, 168 So. 787 (La.App.Orleans 1936), for the proposition that a permitted, non-substantive amendment is an amendment that takes nothing from and adds nothing to the original judgment.
>
> . . . .
>
> The jurisprudence is replete with numerous cases wherein Louisiana appellate courts have approved the use of amendments under this article where the mistake or omission is evident from the record. *See, for example, Dufrene v. Gaddis*, 98-1294 (La.App. 5 Cir. 6/1/99), 738 So.2d 75, *writ denied*, 99-1867 (La. 10/8/99), 751 So.2d 220 (amended judgment to correct an error of calculation and properly give appellee credit for the amount it had originally granted to appellant); *Jackson v. North Bank Towing Corp.*, 98-1334 (La.App. 3 Cir. 3/3/99), 742 So.2d 1 (amendment to correct erroneous statement that dismissal was under state's *forum non conveniens* doctrine instead of Jones Act when mistake was evident from the record); *Gotte v. Magnum Elec. Co., Inc.*, 93-510 (La.App. 3 Cir.1993), 628 So.2d 1168 (original judgment referred to only one of two defendants and did not name the defendant referred to; court was able to ascertain the names of the defendants from the record and chose not to remand the case for the amendment of the judgment, referencing *Glen Falls Indemnity Co.*, 168 So. 787)

3

*Shearman v. Simpson*, 264 So.2d 713 (La.App. 3 Cir.1972) (amended to substitute tenant's name where five-year-old son with same name, except for middle initial, was served with landlord's petition for collection of past due rent).

See also, *King v. Doctor's Hosp. of Opelousas*, 01-1534 (La.App. 3 Cir. 5/8/02), 817 So.2d 473, *writ denied*, 02-1553 (La. 9/30/02), 825 So.2d 1193 (the amended judgment did not effect a substantive change but merely used different and more specific words, phraseology, to specify the reservation of rights already incorporated into the original judgment via the approval and acceptance of the settlement agreement); *Kerr v. Kerr*, 479 So.2d 977 (La.App. 3 Cir.1985) (amendment which merely changes the language of the judgment to express in percentage figures the former wife's community interest in husband's military pension is a change in phraseology); *Ryland v. St. Mary's Residential Training School*, 03-0027 (La.App. 3 Cir. 4/30/03), 843 So.2d 1237, *writ denied*, 03-1536 (La.10/3/03), 855 So.2d 311(amendment merely altered the phraseology to specify for purposes of enforcing the prior judgment that which was already incorporated into the prior judgment; i.e., medical items prescribed as treatment in conjunction with the lumbar fusion necessarily concomitant with the procedure itself).

Additional cases approving amended judgments include *Thompson v. Matthews*, 374 So.2d 192 (La.App. 4 Cir.1979) (defendant's identity was fixed with certainty, so that the error in spelling his name was of little moment); *Wagenvoord Broadcasting Co. v. Blanchard*, 261 So.2d 257 (La.App. 4 Cir.),*writ refused*, 262 La. 313, 263 So.2d 48 (1972) (amended to correct the spelling of the defendant's name from Blanchard to Blancher, which was error of phraseology); *Morris v. New Orleans Public Service, Inc.*, 446 So.2d 457 (La.App. 4 Cir.),*writ denied*, 447 So.2d 1077 (La.1984) (amendment to assess costs against the defendant did not alter substance of the original judgment as evidenced by the court's statements in the record, even though the trial judge previously signed an original judgment assessing costs against the plaintiff).

It is obvious from our examination of the record that the amended judgment neither took anything from nor added anything to the original judgment. Our appellate decision affirmed the correction of the claimant's weekly benefit to $205.63 per week, and further, found that the City had improperly reduced his benefit to SEB. Accordingly, he was due $205.63 per week *from the date of injury*. Our judgment

also affirmed the credits due the City listed above. The WCJ's amended judgment was in conformity with our judgment of October 3, 2007.

Therefore, the amended judgment signed by the WCJ on August 27, 2008, neither took anything from nor added anything to the original judgment, and thus was in compliance with La.Code Civ.P. art. 1951.

Accordingly, for the reasons stated, the amended judgment of the WCJ is affirmed. All costs of this appeal are assessed against the appellant, the City of Crowley. Insomuch as we affirm, we need not address the claimant's arguments.

**AFFIRMED.**