# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-567


**STEVE RICHARD, JR.**

**VERSUS**

**QUALITY CONSTRUCTION & PRODUCTION, LLC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
ADAM JOHNSON, WORKERS' COMPENSATION JUDGE
PARISH OF VERMILION, NO. 12-08721

**\*\*\*\*\*\*\*\*\*\***


**JONATHAN W. PERRY**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, John D. Saunders, Billy Howard Ezell, Van H. Kyzar and Jonathan W. Perry, Judges.

Cooks, J., concurs and assigns written reasons.

Saunders, J., dissents.


**REVERSED AND SET ASIDE;
CASE REMANDED WITH INSTRUCTIONS TO
THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 4,
PARISH OF VERMILION.**

**Elizabeth Smyth Rambin**
**Comeaux, Stephens & Grace**
**3900 N. Causeway Blvd., Ste. 1060**
**Metairie, Louisiana 70002**
**(504) 831-3747**
**Counsel for Defendants/Appellants:**
        **Quality Construction & Production, LLC**
        **And Zurich American Insurance Company**


**Janice Hebert Barber**
**Jennifer B. Valois**
**Barber Law Firm**
**111 Mercury St.**
**Lafayette, Louisiana 70503**
**(337) 232-9893**
**Counsel for Plaintiff/Appellee:**
        **Steve Richard, Jr.**

**PERRY, Judge.**

In this case to enforce a workers' compensation judgment, the employer and its insurer appeal, contending the Workers' Compensation Judge ("WCJ") erred when it enforced an invalid final judgment. We reverse and remand with instructions.

## FACTS/PROCEDURAL HISTORY

This matter has previously been before this court. In *Richard v. Quality Constr. & Prod., LLC*, 18-965 (La. App. 3 Cir. 6/5/19), 275 So.3d 328, 331–32,[1] *writ denied*, 19-01101 (La. 10/8/19), 280 So.3d 59, this court summarized the underlying facts as follows:

> Claimant, Steve Richard, Jr. (Richard) was employed by Quality Construction and Production, LLC (Quality) as a pipeline technician. Richard worked at a secluded oil field job site in North Dakota. On August 9, 2012, Richard was involved in a one-vehicle accident while allegedly in the course and scope of his employment.
>
> Questions arose as to whether Richard was intoxicated and whether that intoxication caused the injuries he sustained in the accident. As such, Richard filed a 1008 disputed claim for compensation. Thereafter, the matter proceeded to a trial on the merits. The workers' compensation judge (WCJ) ruled that Richard was intoxicated at the time of the accident. Thus, the WCJ found in favor of Quality in that Richard forfeited workers' compensation benefits pursuant to La.R.S. 23:1081(5), intoxication by use of a nonprescribed controlled substance. The WCJ's judgment also awarded Richard reimbursement for emergency medical expenses under La.R.S. 23:1081(13), a penalty of $ 2,000 for Quality's failure to pay Richard's emergency medical expenses, and attorney's fees [of $10,000].

This court affirmed the WCJ's determination that Richard forfeited his workers' compensation benefits and its award of penalties and attorney's fees for

---

[1] Although this court's earlier opinion used the word "reimbursement" in its description of the emergency medical expenses awarded, our review of the judgment of July 12, 2018, does not show that the WCJ utilized that word when it described the obligation of Quality and Zurich to Richard.

Quality's failure to pay Richard's emergency medical expenses as required under La.R.S. 23:1081(13).

Subsequently, Quality and its insurer, Zurich Insurance Company ("Zurich"), paid emergency medical costs of $87,486.19 to the emergency healthcare providers[2] and paid $147,198.93 to Richard's health insurer, Blue Cross Blue Shield ("BCBS"), the amount that it expended on Richard's behalf as it related to those emergency medical costs. Those checks totaled $234,685.12.[3] Quality and Zurich also paid Richard the $2,000.00 penalty and the $10,000.00 attorney's fees awarded by the WCJ.

Thereafter, Richard excepted to the decision of Quality and Zurich to calculate and pay the individual medical providers and moved to enforce the judgment to require them to pay those same amounts again, this time paid directly to Richard. The WCJ agreed with Richard and ordered Quality and Zurich to repay the judgment to Richard in the following amounts: emergency medical expenses and interest owed through December 5, 2018, $285,002.64; a penalty of 24% as allowed under La.R.S. 23:1201(G) in the sum of $70,592.89; and pursuant to La.R.S. 23:1201(G), an attorney's fees award of $10,000.00.

Quality and Zurich then perfected this suspensive appeal. In their sole assignment of error, Quality and Zurich contend that the WCJ erred when it granted plaintiff's motion seeking to enforce a judgment that had already been paid in full.

---

[2] On August 13, 2018, Zurich issued checks to Parshall Ambulance Service ($19.84), Trinity Hospital ($30,992.79), and Hennepin County Medical Center ($44,000.68); and on August 17, 2018, it issued a check to Valley Medical Flight, Inc. ($12,472.88). Lastly, on August 13, 2018, Zurich also issued a check to Blue Cross/Blue Shield of Louisiana ($147,198.93).

[3] Richard agrees that the total amount of emergency medical expenses owed under the judgment of July 12, 2018, is $234,685.12.

## STANDARD OF REVIEW

The issues presented by the parties herein question legal conclusions and factual findings made by the WCJ. On appellate review, an incorrect legal conclusion made by the trial court regarding a question of law is reviewed de novo. *Latiolais v. Bellsouth Telecomms., Inc.*, 11-383 (La.App. 3 Cir. 10/5/11), 74 So.3d 872. Factual findings are reviewed pursuant to the manifest error-clearly wrong standard, and the findings of the WCJ will not be set aside unless a review of the entire record shows that they are clearly wrong. *Talbot v. Mouton Plumbing & Hauling, Inc.*, 17-759, 17-357 (La.App. 3 Cir. 4/25/18), 244 So.3d 1235.

## MOTION TO ENFORCE

On September 10, 2018, Richard moved to enforce the judgment of July 12, 2018, relying on La.R.S. 23:1310.7(A), that judicial interest be awarded on that sum until paid, and that a 24% penalty be assessed pursuant to La.R.S. 23:1201(G) for the failure of Quality and Zurich to timely pay the final judgment. Quality and Zurich contended at trial, as they do before this court, that they paid all that was owed under the judgment.

Louisiana Revised Statutes 23:1310.7(A), provides, in pertinent part that "[a] workers' compensation judge shall have the power to enforce any order or judgment he shall deem proper which is issued pursuant to the powers and jurisdiction provided for in this Chapter and the Constitution of Louisiana." It is unquestionable that Richard first had the burden, as the movant on his motion, to enforce to show that the judgment of July 12, 2018, was a valid final judgment.

It is well settled that a final judgment must be precise, definite, and certain. A final judgment must also contain decretal language. *Conley v. Plantation Mgmt. Co., L.L.C.*, 12–1510 (La.App. 1 Cir. 5/6/13), 117 So.3d 542, *writ denied*, 13–1300 (La. 9/20/13), 123 So.3d 178. "Generally, it must name the party in favor of whom

the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Id*. at 547. "The decree alone indicates the decision. . . . The result decreed must be spelled out in lucid, unmistakable language[, and] . . . [t]he quality of definiteness is essential to a proper judgment." *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10–477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916 (citations omitted). The specific relief granted should be determinable from the judgment without reference to other documents. *Vanderbrook v. Coachmen Indus., Inc.*, 01–0809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, *overruled on other grounds sub nom., Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 17-1250 (La.App. 1 Cir. 12/20/18), 268 So.3d 1044.

The judgment of July 12, 2018, reads, in pertinent part, as follows: "there be judgment in favor of STEVE RICHARD and against QUALITY PRODUCTION MANAGEMENT, L.L.C. and ZURICH INSURANCE COMPANY for all medical expenses through August 23, 2015, pursuant to La.R.S. 23:1081(13), not subject to the Louisiana Fee Schedule, together with a penalty of $2000, and an attorney fee of $10,000 for failure to pay any sums under this provision."[4]

After reviewing the language of the judgment in light of the jurisprudential pronouncements on the elements of a valid final judgment and the conflicts evidenced in the hearing on Richard's motion to enforce, several glaring deficiencies emerge. Initially, we observe that the judgment fails to detail the medical expenses owed. Not only are the emergency medical expenses not delineated, the accrual

---

[4] Even though the judgment of July 12, 2018, shows Steve Richard as the party plaintiff, various pleadings by his counsel reference him in other places as Steve Richard, Jr. Richard's initial Disputed Claim for Compensation, as well as his first three supplemental and amended 1008 filings, and the judgment of July 12, 2018—all refer to him as Steve Richard. Compare those to his Motion and Memorandum to Enforce the Judgment, various other motions and memorandum subsequent thereto, as well as the judgments of December 19, 2018, and April 29, 2019—all of which refer to him as Steve Richard, Jr. We make this observation simply because Richard argues in various places to this court that Quality and Zurich inaccurately reference Steve Richard, not Steve Richard, Jr., in payment correspondence and checks issued.

4

dates of those expenses are not designated. As observed in *Spires v. Raymond Westbrook Logging*, 43,690, p. 9 (La.App. 2 Cir. 10/22/08), 997 So.2d 175, 181, *writ denied*, 08-2771 (La. 2/20/09), 1 So.3d 495:

> [T]he judicial interest on each claim begins accruing on a different date. The medical expenses must be specifically ordered so that interest can be correctly calculated. For this reason, we order the modification of the portion of the judgment regarding the medical expenses, to declare a separate and distinct pronouncement of each award of medical expenses.

As the record clearly reflects, Quality and Zurich had to comb the record to identify what emergency medical expenses there were and who provided those services. Additionally, the judgment fails to provide in unmistakable language to whom Quality and Zurich were required to pay the emergency medical expenses.[5] Ambiguity permeates this aspect of the judgment, and Richard resorts to an examination of the jurisprudence, clearly an extrinsic source, to establish to whom Quality and Zurich should have made payment.[6] Clearly, Richard failed to prove there was a valid judgment to be enforced with regard to the amount owed by Quality and Zurich and to whom Richard's emergency medical expenses were to be paid. Thus, we find the WCJ erred as a matter of law when it enforced that discrete aspect of the July 12, 2018, judgment.

The briefs of Richard, Quality, and Zurich identify numerous issues yet to be determined because of Quality's and Zurich's direct payment of emergency medical expenses to the healthcare providers and BCBS. Among those issues identified are

---

[5] The record does not show that Richard ever personally paid any medical expenses.

[6] In our earlier opinion we addressed Richard's contention that the WCJ manifestly erred when it entered judgment in favor of Quality and Zurich based on their affirmative defense of Richard's intoxication by drug use and the assertion that the WCJ erred when it cast Quality and Zurich with an award for penalties and attorney's fees for their failure to pay for Richard's emergency care. At no time did Quality and Zurich appeal from that portion of the original judgment which determined their obligation by statute to pay Richard's emergency medical costs. It is clear those adjudications contained in our earlier opinion were distinct subjects of the judgment free of the decretal concerns now before us relative to the discrete obligation of Quality and Zurich as to how they were to pay Richard's emergency medical expenses.

questions regarding the disposition of excess medical payments that Quality and Zurich may have made, as well as the potential right of counsel for Richard to recover attorney's fees. Because these issues remain, we remand this matter to the WCJ to enter a valid final judgment which addresses not only the amounts owed and the dates those medical expenses accrued, but to whom those payments are to be made. As explained below, such alterations of the judgment constitute amendments that a trial court can validly make.

Louisiana Code of Civil Procedure Article 1951 provides:

On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

In *Cross v. Timber Trails Apartments*, 06-1037, pp. 7-10 (La.App. 3 Cir. 2/7/07), 949 So.2d 616, 619-21, this court stated:

Article 1951, Official Revision Comment (b), cites *Glen Falls Indemnity Company v. Manning*, 168 So. 787 (La.App.Orleans 1936), for the proposition that a permitted, non-substantive amendment is an amendment that takes nothing from and adds nothing to the original judgment.

. . . .

The jurisprudence is replete with numerous cases wherein Louisiana appellate courts have approved the use of amendments under this article where the mistake or omission is evident from the record. *See, for example*, *Dufrene v. Gaddis*, 98–1294 (La.App. 5 Cir. 6/1/99), 738 So.2d 75, *writ denied*, 99–1867 (La.10/8/99), 751 So.2d 220 (amended judgment to correct an error of calculation and properly give appellee credit for the amount it had originally granted to appellant); *Jackson v. North Bank Towing Corp.*, 98–1334 (La.App. 3 Cir. 3/3/99), 742 So.2d 1 (amendment to correct erroneous statement that dismissal was under state's *forum non conveniens* doctrine instead of Jones Act when mistake was evident from the record); *Gotte v. Magnum Elec. Co., Inc.*, 93–510 (La.App. 3 Cir.1993), 628 So.2d 1168 (original judgment referred to only one of two defendants and did not name the defendant referred to; court was able to ascertain the names of the defendants from

6

the record and chose not to remand the case for the amendment of the judgment, referencing *Glen Falls Indemnity Co.*, 168 So. 787); *Shearman v. Simpson*, 264 So.2d 713 (La.App. 3 Cir.1972) (amended to substitute tenant's name where five-year-old son with same name, except for middle initial, was served with landlord's petition for collection of past due rent).

*See also*, *King v. Doctor's Hosp. of Opelousas*, 01–1534 (La.App. 3 Cir. 5/8/02), 817 So.2d 473, *writ denied*, 02–1553 (La.9/30/02), 825 So.2d 1193 (the amended judgment did not effect a substantive change but merely used different and more specific words, phraseology, to specify the reservation of rights already incorporated into the original judgment via the approval and acceptance of the settlement agreement); *Kerr v. Kerr*, 479 So.2d 977 (La.App. 3 Cir.1985) (amendment which merely changes the language of the judgment to express in percentage figures the former wife's community interest in husband's military pension is a change in phraseology); *Ryland v. St. Mary's Residential Training School*, 03–0027 (La.App. 3 Cir. 4/30/03), 843 So.2d 1237, *writ denied*, 03–1536 (La.10/3/03), 855 So.2d 311(amendment merely altered the phraseology to specify for purposes of enforcing the prior judgment that which was already incorporated into the prior judgment; i.e., medical items prescribed as treatment in conjunction with the lumbar fusion necessarily concomitant with the procedure itself).

Additional cases approving amended judgments include *Thompson v. Matthews*, 374 So.2d 192 (La.App. 4 Cir.1979) (defendant's identity was fixed with certainty, so that the error in spelling his name was of little moment); *Wagenvoord Broadcasting Co. v. Blanchard*, 261 So.2d 257 (La.App. 4 Cir.), *writ refused*, 262 La. 313, 263 So.2d 48 (1972) (amended to correct the spelling of the defendant's name from Blanchard to Blancher, which was error of phraseology); *Morris v. New Orleans Public Service, Inc.*, 446 So.2d 457 (La.App. 4 Cir.), *writ denied*, 447 So.2d 1077 (La.1984) (amendment to assess costs against the defendant did not alter substance of the original judgment as evidenced by the court's statements in the record, even though the trial judge previously signed an original judgment assessing costs against the plaintiff).

Our examination of the record shows that the award of emergency medical costs was for a fixed period of time[7] and the various emergency medical providers, as well as

---

[7] Louisiana Revised Statutes 23:1081(13) provides:

In the event a health care provider delivers emergency care to an injured worker later presumed or found to be intoxicated under this Section, the employer shall be responsible for the reasonable medical care provided the worker until such time as he is stabilized and ready for discharge from the acute care facility, at which time the employer's responsibility shall end for medical and compensation benefits.

Richard's healthcare insurer, BCBS, are readily ascertainable. It is likewise evident from the record and the various briefs and arguments to this court that $234,685.12[8] is the sum total of those emergency medical costs. Thus, our remand to the WCJ for an amendment of the judgment of July 12, 2018, would neither cause the WCJ to take anything from nor add anything to the original judgment.

As an ancillary matter, we next turn to the WCJ's rejection of Quality's and Zurich's contention that their payment of emergency medical expenses directly to the medical providers and BCBS constitutes an extinguishment of those debts. In the present case, despite the fact that the judgment was ambiguous, the WCJ failed to recognize that contention and instead ordered Quality and Zurich to repay those sums of emergency medical expenses again directly to Richard. For reasons which follow, we find this was legal error on the part of the WCJ.

Louisiana Revised Statutes 23:1212(A) provides that:

Except as provided in Subsection B, payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, or by Medicaid or other state medical assistance programs of medical expenses that are owed under this Chapter, shall extinguish the claim against the employer or insurer for those medical expenses. This Section shall not be regarded as a violation of R.S. 23:1163. If the employee or the employee's spouse actually pays premiums for health insurance, either as direct payments or as itemized deductions from their salaries, then this offset will only apply in the same percentage, if any, that the employer of the employee or the employer of his spouse paid the health insurance premiums.

Louisiana Revised Statutes 23:1212 "was enacted to prevent employees from receiving a windfall from their employers[.]" *Olivier v. City of Eunice*, 11-1054, pp. 11-12 (La.App. 3 Cir. 6/6/12), 92 So.3d 630, 638, *writ denied*, 12-1570 (La. 10/12/12), 98 So.3d 874.

---

[8] In Richard's motion to enforce the judgment, he states, "The amount of medical expenses owed to Plaintiff under the Judgment is $234,685.12. Both parties agree as to the total amount of medical expenses awarded under the Judgment. The parties used Plaintiff's Trial Exhibit 18, the certified medical bills, as the basis for calculating the amount due under the judgment."

As observed in *Lemons v. Georgia Pac. Corp.*, 42,950, p. 10 (La.App. 2 Cir. 2/13/08), 976 So.2d 307, 314, *writ denied*, 08–587, 08-590 (La. 5/2/08), 979 So.2d 1288, 1289,

> [Louisiana Revised Statutes 23:1212(A)] is not self-operating. *Authement v. Wal–Mart*, 02-2434 (La.App. 1st Cir. 9/26/03), 857 So.2d 564. The employer must plead its La. R.S. 23:1212 offset and prove it with evidence showing that a payment of a certain amount of the employee's medical expenses was made by a person other than the employee, a relative or friend of the employee. *Id.*; *Gros v. Gaudin*, 02–309 (La.App. 5th Cir.10/16/02), 831 So.2d 304.

In his brief to this court, Richard contends that Quality and Zurich failed to specifically plead La.R.S. 23:1212 as an affirmative defense.

The extinguishment of an obligation in any matter is an affirmative defense and must be pleaded or it is lost. La.Code Civ.P. art. 1005. *Lofton v. Louisiana Pac. Corp.*, 410 So.2d 1171 (La.App. 3 Cir.), *writ denied*, 412 So. 2d 1094 (La.1982). Notwithstanding, it is equally clear that "[n]o technical forms of pleading are required." La.Code Civ.P. art. 854. Pleadings should be liberally construed so that the pleader will have his day in court. *Cox v. W. M. Heroman, Inc.*, 298 So.2d 848 (La.1974), *overruled on other grounds by A. Copeland Enterprises, Inc. v. Slidell Memorial Hosp.*, 94–2011, p. 9 (La.6/30/95), 657 So.2d 1292. Technical objections and harsh rules of procedure are not favored. *Buckley v. Nat Harrison & Assoc.*, 245 So.2d 522 (La.App. 3 Cir. 1971). "Challenged pleadings should be accorded every reasonable interpretation in favor of maintaining their legal sufficiency, thus giving the litigant an opportunity to present evidence." *Korson v. Indep. Mall I, Ltd.*, 593 So.2d 981, 984 (La.App. 5 Cir. 1992). Likewise, where an affirmative defense has not been pleaded by the defendant but the plaintiff nevertheless fails to object to the introduction of evidence that bears on the affirmative defense and that is not pertinent to any issues raised in the pleadings, the pleadings are considered to have been enlarged to include the affirmative defense, and the court can act as though the

affirmative defense has been pleaded. *DLJ of Louisiana No. 1 v. Green Thumb, Inc.*, 376 So.2d 121 (La.1979).

Our review of the pleadings shows that although Quality and Zurich never specifically referenced La.R.S. 23:1212, their pleadings clearly show the invocation of such a defense. As early as their response to Richard's fixing of his motion to enforce the judgment, Quality and Zurich asserted that they were "awaiting receipt of copies of all of those cancelled checks [issued to BCBS and plaintiff's emergency medical care providers] to be received so that they can be introduced into evidence as proof that defendants paid all that was owed under the judgment[.]" Likewise, even Richard's initial pleadings referenced that Quality and Zurich sent "a series of letters to Plaintiff's out of state medical providers and Blue Cross Blue Shield, indicating that 'checks would [soon] be sent out' in satisfaction of a Judgment." Moreover, without objection from Richard, Quality and Zurich entered multiple cancelled checks into evidence purportedly reflecting proof of payment by them of Richard's emergency medical bills. Clearly, the affirmative defense of extinguishment of their obligation to pay Richard's emergency medical expenses was properly before the WCJ. Accordingly, on remand, the WCJ is directed to consider the various payments Quality and Zurich made to Richard's emergency medical care providers and BCBS in its analysis of this matter, to include the timeliness of those payments and issues associated therewith.

## ATTORNEY'S FEES

As part of his appellate brief, Richard seeks additional attorney's fees for work performed on appeal. However, he neither filed his own appeal nor answered the appeal, so he is not entitled to additional attorney's fees for the work performed on the appeal. *Johnson v. St. Frances Nursing & Rehab. Ctr.*, 14-599 (La.App. 3 Cir.

12/23/14), 155 So.3d 689; *Broussard v. Asco Venture Holdings*, 17-90, 17-91 (La. App. 3 Cir. 10/4/17), 229 So.3d 80. *See also* La.Code Civ.P. art. 2133.

## DISPOSITION

For the foregoing reasons, the WCJ judgment of April 29, 2019, is reversed and set aside. This matter is remanded to the WCJ to amend the judgment of June 12, 2018, the judgment Richard sought to enforce, to add proper decretal language, to specify the emergency medical providers, and to award specific amounts of emergency medical expenses as discussed hereinabove. After having amended the judgment of June 12, 2018, the WCJ should revisit Richard's motion to enforce, should Richard continue to pursue such action, and further consider the affirmative defense raised by Quality and Zurich. Costs of this appeal are shared by Richard and defendants, Quality and Zurich.

**REVERSED AND SET ASIDE; CASE REMANDED WITH INSTRUCTIONS TO THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 4, PARISH OF VERMILION.**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**19-567**

**STEVE RICHARD, JR.**

**VERSUS**

**QUALITY CONSTRUCTION & PRODUCTION, LLC, ET AL.**

**COOKS, J., concurring.**

I agree with the opinion as it reverses and sets aside the WCJ's judgment for its failure to include proper decretal language and remanding the case back to the Office of Worker's Compensation. I find the additional language in the opinion imposing instructions to the lower court on how to proceed are superfluous and improper.