CLARK, Justice.
 
 *
 

 |, We granted this application to determine whether the courts below erred in deciding that an employer had approved in writing a compromise between an employee and a third-party, and that the employer was not entitled to a credit toward the employee’s future medical costs, all as described in Louisiana Revised Statutes 23:1102. For the reasons set forth below, we find that the issue of whether or not the City had given written approval of the settlement need not be resolved, but that the courts below did, in fact, err in ruling that the employer was not entitled to a credit toward future medical costs, and we, therefore, reverse.
 

 FACTS and PROCEDURAL HISTORY
 

 In November of 2000, while investigating an automobile accident, Officer Randy James Henry came into contact with a live electricity line owned by CLECO Utility Group, Inc. (“CLECO”) and suffered severe disabling injuries. Mr. Henry was employed as a police officer by the City of DeQuincy (“the City”) at the time of the accident.
 

 Following the accident, the City, through the Louisiana Municipal Risk [¡¡Management Agency (“RMI”), began paying Mr. Henry workers’ compensation benefits. Mr. Henry subsequently filed a tort suit against CLECO, in which the City intervened in order to recover the benefits paid to and on behalf of Mr. Henry.
 

 After years of litigation, Mr. Henry and CLECO agreed to mediate the matter. The City and RMI were informed of the impending mediation but declined to attend. Instead, the City, by email, agreed to waive one-third of its lien as attorney’s fees and verified to the mediator the exact amount of the lien at the time of the mediation.
 

 On October 23, 2008, Mr. Henry and CLECO mediated the third-party suit and agreed to settle the claim for the sum of $4,350,000.00. On that day, Mr. Henry, his wife, their attorney, and the attorney for CLECO all signed a written document containing the terms of the settlement agreement.
 

 
 *45
 
 Following the completion of the settlement, the City filed a motion to terminate Mr. Henry’s workers’ compensation benefits due to Mr. Henry’s failure to obtain the prior written approval of the City and its insurer as required by Section 23:1102(33). Mr. Henry, in return, moved to declare that the City had tacitly approved the settlement and that any future credit to the City from Mr. Henry’s settlement proceeds applied only to Mr. Henry’s future disability benefits, and not to the cost of his future medical treatment.
 

 The hearing of the matter, held on December 1, 2008, consisted of the arguments of the attorneys and the introduction of exhibits. No witnesses testified. Separate from the proceeding, the attorneys for the City and CLECO agreed that CLECO would pay the City $321,045.25, representing the amount of the City’s lien less one-third for attorney’s fees, in return for the City’s dismissal of its intervention against CLECO and the City’s promise to not pursue against CLECO its reimbursement rights afforded by Section 23:1102(0(1).
 

 laOn March 9, 2009, the workers’ compensation judge ruled that the City had given prior written approval for the settlement; that the City and/or RMI was paid in full for the full amount of the lien less one-third for attorney’s fees, reinstating Mr. Henry’s rights to future compensation; that the City was entitled to a credit for the balance of the settlement funds; but that the credit only applied to Mr. Henry’s future disability benefits and not to the cost of his future medical treatment.
 

 On December 9, 2009, the court of appeal affirmed the ruling of the workers’ compensation judge.
 
 City of DeQuincy v. Henry,
 
 09-636 (La.App. 3 Cir. 12/9/09), 25 So.3d 237. This Court granted the City’s writ on April 30, 2010.
 
 City of DeQuincy v. Henry,
 
 2010-0070 (La.4/30/10), 34 So.3d 296.
 

 DISCUSSION
 

 Initially, we note that this issue is one of statutory interpretation. The fundamental question in all cases of statutory interpretation is legislative intent.
 
 SWAT 24 Shreveport Bossier, Inc. v. Bond,
 
 2000-1695, p. 11 (La.6/29/01), 808 So.2d 294, 302;
 
 Succession of Boyter,
 
 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1128. The rules of statutory construction are designed to ascertain and enforce the intent of the legislature.
 
 Stogner v. Stogner,
 
 98-3044, p. 5 (La.7/7/99), 739 So.2d 762, 766. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law.
 
 SWAT 2k Shreveport Bossier,
 
 2000-1695 at 11, 808 So.2d at 302;
 
 Succession of Boyter,
 
 99-0761 at 9, 756 So.2d at 1129. A statute must be applied and interpreted in a manner that is logical and consistent with the presumed purpose and intent of the legislature.
 
 Succession of Boyter,
 
 99-0761 at 9, 756 So.2d at 1129.
 

 DFurther, it is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were employed.
 
 Sultana Corporation v. Jewelers Mutual Insurance Company,
 
 03-0360, p. 9 (La.12/3/03), 860 So.2d 1112, 1119. As a result, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause or word as meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found.
 
 St. Martin Parish Police Jury v. Iberville Parish Police Jury,
 
 212 La. 886, 33 So.2d 671, 676 (La.1947);
 
 State v. Fontenot,
 
 112 La. 628,
 
 *46
 
 36 So. 630, 634 (La.1904). Finally, it is presumed that the legislature acts with full knowledge of well-settled principles of statutory construction.
 
 Sultana Corporation,
 
 03-0360 at 9, 860 So.2d at 1119.
 

 In addition to the above judicial principles which are guides to determine the intent of the legislature, the legislature has enacted rules for the construction of statutes in the provisions of the revised statutes. Louisiana Revised Statutes 1:3 provides:
 

 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 

 With these rules in mind, we note that both courts below and both parties agree that Section 23:1102
 
 [1]
 
 is the control
 
 *47
 
 ling statute, although Mr. Henry asserts that IsSection 23:1102 should be read
 
 in para materia
 
 with a related statute, Section 2S:1103.
 
 [2]
 
 As Mr. Henry admits in
 
 *48
 
 brief, by their very terms, Section 23:1102 applies IfiOnly to situations involving the settlement of a third-party tort claim, whether or not suit was filed, while Section 23:1103 applies to those cases which are actually tried to judgment. Section 23:1102 is applicable after “either the employee or his dependent or the employer or insurer brings suit against a third person” when “a compromise with such third person is made by the employee or his dependents.” Section 23:1103, on the other hand, applies “[i]n the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered.”
 

 While we acknowledge that the courts of this state have applied the statutes inconsistently, sometimes applying Section 23:1102 to third-party claims which proceeded to judgment, and at other times applying Section 23:1103 to third-party claims which were settled, the plain language of the two statutes convinces us that the legislature intended, and the lower courts were correct in finding, that only Section 23:1102 applies in cases where, as here, an employer has intervened in an employee’s suit, and the suit was settled prior to judgment.
 

 The City assigns two errors by the lower courts. The City’s first assignment of error is that those courts misinterpreted and incorrectly applied the written approval requirement imposed by Section 23:1102 when ruling that the City had given prior written approval of the settlement, so as to not forfeit Mr. Henry’s future workers’ compensation benefits. The City’s second assignment of error is that the lower courts committed legal error when they concluded that the City’s credit did not apply toward Mr. Henry’s future medical expenses.
 

 Written Approval
 

 17With regard to the City’s first assignment of error, we look again to the wording of the statute. Section 23:1102 reads, in pertinent part:
 

 Employee or employer suits against third persons causing injury; notice of filing
 

 A. (1) If ... the employee ... brings suit against a third person ..., he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
 

 [[Image here]]
 

 B. If a compromise with such third person is made by the employee ..., the employer ... shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer ... receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim and only if written approval of such compromise is obtained from the employer or insurer by the employee ..., at the time of or prior to such compromise.
 

 [[Image here]]
 

 If the employee or his dependent fails ... to obtain written approval of the compromise from the employer ... at the time of or prior to such compromise, the employee ... shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee’s ... right to
 
 *49
 
 future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer ... of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise;.... Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.
 

 [[Image here]]
 

 Section 23:1102 requires that any compromise be approved in writing either at the time of or prior to the compromise. In his oral reasons for judgment, the workers’ compensation judge stated:
 

 Granted, the city was not present. It chose not to attend; however, introduced into evidence was a series of letters and emails to and from the R.M.I. attorney and parties who were at the mediation. The essence of this correspondence seems to be that the city was fully aware of the mediation and presented a demand that its lien be paid in full, minus the Ramount of a one-third attorney’s fees [sic]. And, accordingly, R.M.I. forwarded the exact amount of its lien, about 500,000 [sic] at the time, to the mediator. The mediator, a particularly well known and respected attorney in this area, managed to get R.M.I. precisely what it asked for, the entirety of the lien less attorney’s fees.
 

 The statute requires written approval; however, it does not specify the precise language or format of the approval. When an employee [sic] informs a mediator in writing of his precise demand, right down to the very penny, and the mediator delivers every cent requested, it’s difficult to describe that scenario as anything short of, quote, prior written approval, as is allowed by the statute.
 

 R. at 146.
 

 As indicated by the court of appeal, factual findings in workers’ compensation matters are subject to the manifest error or clearly wrong standard of review.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 96-2840 (La.7/1/97), 696 So.2d 551. In the instant matter, however, whether or not the workers’ compensation judge committed manifest error in determining that the City had given its prior written approval to the settlement is of no moment.
 

 Section 23:1102(B) includes a “buy back” provision, which, when an employee fails to obtain his employer’s written approval of settlement as required by the statute, allows the employee to reserve his right to future compensation “upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise ...” La.Rev.Stat. § 23:1102(B). As found by the workers’ compensation judge and conceded by the City during argument, the City was paid back the full amount of its lien, less one-third attorney’s fees. Thus, Mr. Henry’s right to future compensation was reserved. The issue of whether or not the City had given written approval of the settlement, is therefore moot and need not be resolved.
 

 Extent of Credit
 

 1 flThe sole issue for discussion is whether the credit the employer receives (either by virtue of written approval or a “buyback”) extends to future medical benefits. Both lower courts determined that the question had been answered by an earlier court of appeal opinion,
 
 Breaux v.
 
 
 *50
 

 Dauterive Hospital Corporation,
 
 02-1072 (La.App. 3 Cir. 2/5/03), 838 So.2d 109. The
 
 Breaux
 
 opinion cited an opinion by this Court,
 
 Brooks v. Chicola,
 
 514 So.2d 7 (La.1987), for the proposition that “the workers’ compensation insurer is not entitled to a credit for future medical benefits, even when the amount, which the third-party tortfeasor paid in settlement, exceeds that sufficient to reimburse the compensation carrier.”
 
 Breaux,
 
 02-1072 at 4-5, 838 So.2d at 112. Further,
 
 Breaux
 
 pointed out that “had the Louisiana Legislature wanted to include future medical benefits as part of compensation obligations for which a credit is due, presumably, it would have done so when it amended that statute ...”
 
 Breaux,
 
 02-1072 at 5, 838 So.2d at 112.
 

 The City argues first that both the
 
 Brooks
 
 and
 
 Breaux
 
 opinions involved the interpretation of Section 23:1103 rather than Section 23:1102. According to the City, Section 23:1103 concerns the apportionment of damages (awarded in a suit) between an employer and employee, while Section 23:1102 deals with the proceeds of a settlement or compromise as is the case here.
 

 Next, the City argues that, in fact, the legislature
 
 did
 
 change the law when it amended Section 23:1102 in 1989 by changing the first sentence of paragraph B.
 

 Mr. Henry argues in opposition that while the legislature clearly intended to change the law as it was interpreted in
 
 Brooks
 
 to apply to an employer’s reimbursement for past expenses, the legislature could have more clearly changed the law as it applied to future medical benefits, and the fact that it did not do so indicates that no change was intended.
 

 |inWe find the City’s arguments to be correct. First, our decision in
 
 Brooks
 
 concerned the division of damages which were awarded in a judgment in a tort suit, pursuant to Section 23:1103, which, we have previously determined, applies to apportionment of damages between the employer and employee in suits against third parties, and not to the division of funds received following the compromise of a claim, which is detailed in Section 23:1102, and which we have, likewise, determined controls this matter.
 

 Further,
 
 Brooks
 
 was authored in 1987. In 1989, as pointed out by the City, the legislature amended both Section 23:1102 and 23:1103. Acts 1989, No. 454, § 4 rewrote the first sentence of paragraph B, which formerly read: “If a compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise,” to read: “If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for
 
 any benefits under this Chapter
 
 which are in excess of the full amount paid by such third person,
 
 only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise,
 
 less attorney fees and costs paid by the employee in prosecution of the third party claim and only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise.” La.Rev.Stat. § 23:1102, “Historical Notes” (emphasis added). Equally as important, the amendment added a new fifth sentence to paragraph B, which reads: “Such reservation shall only apply after the employer or insurer receives a dollar for dollar ] n credit against the full amount
 
 *51
 
 paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.” La.Rev.Stat. § 23:1102, “Historical Notes.”
 

 According to the amended statute, an employer is now liable only for “any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs.” The “Chapter” referred to in the amended language is Chapter 10, Workers’ Compensation. The phrase “any benefits under this Chapter,” then, necessarily includes future medical benefits, which are included in “this Chapter,” Chapter 10, Workers’ Compensation. Further, the statute specifically mandates that employers receive a “dollar for dollar credit against
 
 thefull amount
 
 paid in compromise.” La.Rev.Stat. § 23:1102 (emphasis added). Again, the “full amount” paid in compromise would necessarily include any future medical benefits paid in compromise. Likewise, the amendment to Section 23:1103 added a new Paragraph B, which reads:
 

 The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
 

 Contrary to Mr. Henry’s argument, these changes clearly evidence the intent of the legislature to require that employers and their insurers receive a credit for the entire amount of any compromise or settlement, or for the entire amount of a judgment, no matter how the damages have been itemized or classified.
 

 Mr. Henry argued that such a determination would discourage employees from filing third-party suits. We disagree that our holding will discourage third-party suits, but we recognize that it will encourage employees to bargain for and settle for not 112much less than a full recovery. Mr. Henry also argues that employees would have to use their recovery for pain and suffering to pay for future medical costs. Again, if an employee receives in settlement not much less than a full recovery, there will be no need for the employee to expend his or her pain and suffering recovery for medical costs. Regardless, our decision is dictated by the language of the statute and any change must be addressed by the legislature.
 

 CONCLUSION
 

 In sum, we hold that Mr. Henry reserved his right to future workers’ compensation benefits by paying or having paid to the City the full amount of the City’s lien, less attorney’s fees. We further hold that the City should receive a credit against all future workers’ compensation benefits, including future medical expenses, which are or may become due to Mr. Henry in the amount found by the workers’ compensation judge of $2,054,758.10.
 
 [3]
 

 DECREE
 

 For the foregoing reasons, we reverse the rulings of the courts below and render judgment.
 

 REVERSED AND RENDERED.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Chief Justice Catherine D. Kimball.
 

 [1]
 

 . Section 23:1102 reads:
 

 A. (1) If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
 

 (2) Any dispute between the employer and the employee regarding the calculation of the employer's credit may be filed with the office of workers' compensation and tried before a workers’ compensation judge. However, any determination of the employer's credit shall not affect any rights granted to the employer or the employee pursuant to R.S. 23:1103(C).
 

 B. If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim and only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee’s or dependent’s right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, and medical benefits, previously paid to or on behalf of the employee, exclusive of attorney fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise. Such reservation shall only apply after the employer or insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in prosecution of the third party claim.
 

 C.(1) When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding such payment, all rights of the employer or his insurer to assert the defense provided herein against the employee's claim for future compensation or medical benefits shall be reserved.
 

 
 *47
 
 (2) Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for past or future compensation benefits and medical benefits against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid.
 

 [2]
 

 . Section 23:1103 reads:
 

 A. (1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.
 

 (2) No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
 

 (3) Any dispute between the employer and the employee regarding the calculation of the employer's credit may be filed with the office of workers’ compensation and tried before a workers' compensation judge. If a third party action has been filed in a district court, such dispute shall be filed in the district court and tried before a district judge unless the parties agree otherwise. However, any determination of the employer's credit shall not affect any rights granted to the employer or the employee pursuant to R.S. 23:1103(C).
 

 B. The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
 

 C. (1) If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the intervenor’s recovery for prejudgment payments or prejudgment damages. The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party. The employee as intervenor shall not be responsible for the employer’s attorney fees attributable to post-judgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Subsection A of this Section. Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff. The pro rata share of the intervenor's costs shall be based on intervenor's recovery of prejudgment payments or prejudgment damages.
 

 (2) When recovery of damages from a third party is made without filing of a suit, the employer shall be responsible for an amount, not to exceed one-third of his recovery on pre-compromise payments, for reasonable legal fees and costs incurred by the attorney retained by the employee or his dependent in pursuit of the third party matter. The responsibility for payment of this amount shall exist only if there is written approval of the compromise by the employer, his compensation carrier, or the compensation payor.
 

 D. An insurer shall grant its insured a dollar-for-dollar credit for any amount on any claim paid pursuant to this Chapter on the employer’s behalf and recovered in the current year, less any reasonable expenses incurred in the recovery by the insurer, in an action or compromise pursuant to this Section and R.S. 23:1102. The credit shall be used by the insurer in the calculation, including but not limited to loss experience ratios, of the annual premium paid by the employer
 
 *48
 
 for workers’ compensation insurance under this Chapter.
 

 [3]
 

 . The City did not assign as error the amount of the credit.