STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-383 consolidated with CW10-978

PAUL LATIOLAIS

VERSUS

BELLSOUTH TELECOMMUNICATIONS, INC., ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 109345
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

REVERSED IN PART; AFFIRMED IN PART;
AMENDED AND AFFIRMED AS AMENDED.

Aaron Wayne Guidry
Porter & Guidry
P. O. Drawer 53320
Lafayette, LA 70505
(337) 289-0626
Counsel for Plaintiff/Appellee:
Paul Latiolais

**Eric J. Waltner**
**Lana G. Duhon**
**D. Paul Gardner, Jr.**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1400**
**Counsel for Intervenors/Appellants:**
**The Gray Insurance Company**
**Newpark Drilling Fluids, LLC**

**PICKETT, Judge.**

Employer and its workers' compensation carrier appeal judgment on their intervention in employee's third-party suit for damages. For the following reasons, the judgment is reversed in part, affirmed in part, amended, and affirmed as amended; the employee's request for damages for frivolous appeal is denied.

**FACTS**

On March 27, 2006, Paul Latiolais was injured in the course and scope of his employment with Newpark Drilling Fluids, LLC when the vehicle he was driving was struck by a vehicle owned by Bellsouth Telecommunications, Inc. d/b/a AT&T Louisiana (Bellsouth). His injuries rendered him unable to perform his work duties, and Newpark and its workers' compensation carrier, The Gray Insurance Company, Inc. (Intervenors), paid Mr. Latiolais indemnity benefits and his medical expenses. Mr. Latiolais filed suit against Bellsouth to recover damages he sustained as a result of his injuries. On May 18, 2009, Intervenors filed a Petition for Intervention, seeking to recover the benefits they paid to or on Mr. Latiolais's behalf.

Mr. Latiolais's claims were tried before a jury beginning May 12, 2010. On the second day of trial, Mr. Latiolais and Intervenors introduced into evidence a written stipulation which provided that Intervenors had paid indemnity benefits to Mr. Latiolais in the amount of $147,456.76 and medical expenses to or on his behalf which totaled $87,168.00. The stipulation further provided that Intervenors were legally subrogated to Mr. Latiolais's rights to the extent of the amounts they had paid and any additional amounts they would pay in the future.

The jury rendered a verdict in Mr. Latiolais's favor. It assessed 80% fault to Bellsouth's employee and 20% fault to a third party not sued by Mr. Latiolais and awarded Mr. Latiolais damages totaling $802,000.00. A judgment in

Mr. Latiolais's favor which reduced his damage award by 20% was signed June 2, 2010. The judgment also awarded judgment in favor of Intervenors, reimbursing them $187,699.81 paid in workers' compensation benefits with legal interest from May 18, 2009, less attorney fees owed by Intervenors to Mr. Latiolais and his attorney fees pursuant to La.R.S. 23:1102-1103.

Thereafter, Intervenors filed a motion to have the amount Mr. Latiolais had to reimburse them fixed at $193,314.80, plus any additional workers' compensation benefits paid before and after trial with legal interest on the total sum from the date of judicial demand by Mr. Latiolais, less Mr. Latiolais's attorney fees. The motion also sought a "dollar for dollar credit" against any and all future and post-judgment workers' compensation benefit obligations in the full amount of the judgment, as provided in La.R.S. 23:1102(B).

After a hearing, the trial court awarded judgment in favor of Mr. Latiolais in the amount of $641,600.00, together with legal interest from March 12, 2007, until paid, and in favor of Intevenors, providing for "reimbursement of $187,699.81 paid in workers' compensation benefits . . . together with legal interest from May 18, 2009, until paid, less attorney's fees and costs owed" to Mr. Latiolais and his attorneys. The judgment also reduced Intervenors' recovery by 32%, representing Mr. Latiolais's attorney fees, or Moody fees, on the amount recovered for Intervenors, as provided in La.R.S. 23:1102.

Intervenors then filed a Motion for Reconsideration and New Trial in which they reiterated the assertions made in their first motion and further asserted that the trial court's judgment on the Motion to Fix was contrary to the law and evidence. The trial court denied that Motion. With regard to Intervenors' request for a new trial on their first motion, the trial court denied their requests: 1) to increase the amount of their reimbursement/recovery claim; 2) for legal interest from the date

2

of Mr. Latiolais's judicial demand, March 12, 2007; and 3) for a dollar for dollar credit against any and all future and post-judgment workers' compensation medical benefits owed to Mr. Latiolais. Intervenors' requests to reduce Mr. Latiolais's Moody fees and for a dollar for dollar credit against any and all future and post-judgment workers' compensation indemnity benefit obligations up to $51,000 were also denied.

Intervenors filed a Motion to Appeal the trial court's judgment and a Notice of Intention to Apply for Writs. The writ application was granted for the limited purpose of consolidating it with this appeal. *See Paul Latiolais v. Bellsouth Telecomm., Inc.*, an unpublished writ bearing docket number CW10-978 (La.App. 3 Cir. 10/4/10). Mr. Latiolais answered the appeal, seeking damages on the basis that the appeal is frivolous with regard to Intervenors' claim for judicial interest from the date Mr. Latiolais filed suit, rather than from the date they filed their intervention.

## ASSIGNMENTS OF ERROR

Intervenors assign five errors with the trial courts' judgment:

1. The trial court erred in refusing to include in the lien recovery the monies paid after the effective date of the payment printout attached to the joint stipulation.

2. The trial court erred in holding that the credit only applied against future indemnity benefits and not against future medical expenses, and in limiting the credit to the award of damages classified as loss of earnings by the court.

3. The trial court erred in holding that legal interest on the Intervenors' recovery runs only from the date that the intervention was filed rather than the date that plaintiff's suit was filed.

4. The trial court erred in holding that Intervenors' recovery and credit were subject to "Moody fees" of 32% given the actions performed by Intervenors to assist Plaintiff with his claim.

3

5. The trial court erred in denying Intervenors' Motion for Reconsideration and New Trial.

**DISCUSSION**

To the extent that they are obligated to pay Mr. Latiolais workers' compensation benefits, Intervenors became subrogated to Mr. Latiolais's rights against Bellsouth. La.R.S. 23:1101-1103. The issues presented for our review by Intervenors' appeal concern the trial court's application of these, and other related laws, to their subrogation rights herein. Appellate courts review a trial court's conclusion regarding a question of law to determine whether the conclusion is legally correct. *Forum for Equality PAC v. McKeithen*, 04-2477, 04-2523 (La. 1/19/05), 893 So.2d 715. If the conclusions are found to be incorrect, the flawed legal conclusions must be reviewed de novo. *Id.*

***Should Total Lien Amounts be Included in Judgment?***

After the hearing on the Motion for Reconsideration and/or New Trial, the trial court denied the Intervenors' request to increase the amount of their reimbursement from the $187,699.81 stated in their Petition for Intervention to include amounts they paid from the date of the Stipulation until the Judgment was signed. Intervenors contend that their lien for recovery included amounts paid after trial but before judgment was signed and that the judgment should have ordered that they be reimbursed those amounts.

Pursuant to La.R.S. 23:1103(A)(1), "the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee." Furthermore, in addition to providing the specific amounts paid by Intervenors as of the date of the Stipulation, the Stipulation provided:

> By virtue of the unreimbursed payments previously made, to be made between now and the time of trial, and all further payments to be made in the future, [Intervenors] are subrogated legally to the

4

rights of Paul Latiolais to the extent of the amounts Intervenors have paid to or on behalf of Paul Latiolais as aforesaid, plus any other amounts of workers' compensation benefits, including indemnity, vocational rehabilitation, and/or medical expenses (excluding all nurse case management expenses), Intervenors may become obligated to pay to or on behalf of Paul Latiolais in the future.

The trial court's June 2, 2010 judgment provided for Intervenors to be reimbursed $187,699.81 for workers' compensation benefits they had paid to Mr. Latiolais. This amount represents the $234,624.76 provided in the Stipulation less 20% for the fault of the unnamed co-tortfeasor. The August 23, 1010 judgment also awarded Intervenors "a dollar for dollar credit against any and all future and post judgment workers' compensation indemnity benefit obligations."

Mr. Latiolais contends Intervenors have no right to increase the amount of their reimbursement stated in the June 2, 2010 judgment because they did not introduce evidence of those amounts when the Stipulation was introduced into evidence. Refusing to increase the amount stated in the Stipulation to reflect the actual amounts paid by Intervenors ignores the plain language of the Stipulation and, more importantly, La.R.S. 23:1103(A)(1) that the employer's claim for the compensation actually paid takes precedence over the injured employee's claim for damages for damages.

Review of how courts have previously addressed the reimbursement issue exposes the error of Mr. Latiolais's arguments. In *Billeaud v. U.S. Fidelity & Guaranty Co.*, 349 So.2d 1379 (La.App. 3 Cir. 1977), the trial court's judgment provided as the judgment here provides−for reimbursement of benefits paid through the date of trial. On appeal, this court held, as argued by Intervenors, that an employer/compensation carrier is entitled to reimbursement for *all* amounts it actually paid to an injured employee as of the date the judgment awarding the employee damages becomes final *or is satisfied*. To achieve this result, the court

5

revised an earlier judgment to award judgment in favor of the employer/workers'
compensation carrier "in the full sum of the amount [the compensation carrier] has
actually paid, or will actually pay prior to the date of the satisfaction of this
judgment, to or on behalf of [the employee] as weekly workmen's compensation
benefits and medical expenses (which sum, as of April 22, 1976, was $5,981.12)."
*Id.* at 1385. *See also Hall v. Hartford Acc. & Indem. Co.*, 278 So.2d 795 (La.App.
4 Cir.), *writ denied*, 281 So.2d 753 (La.1973).

In the hearing on Intervenors' motion to fix the amount of the
reimbursement, counsel for Mr. Latiolais stated that Bellsouth had paid
Mr. Latiolais the damages it owed under the judgment. Accordingly, we amend
the judgment to award Intervenors the full sum of the amounts they have actually
paid or will actually pay prior to Mr. Latiolais's satisfaction of his obligation to
reimburse them. If Mr. Latiolais and Intervenors cannot agree on the amount Mr.
Latiolais is to reimburse Intervenors, they are instructed to file a motion to have the
amount determined by the trial court.

### Does the Credit in Favor of Intervenors Apply to Medical Expenses and Indemnity Benefits?

Intervenors' next assignment of error addresses the extent of its credit for
benefits it paid after Bellsouth's satisfaction of Mr. Latiolais's judgment. They
argue that the trial court erred in holding the credit provided in La.R.S. 23:1103(B)
applied only to future indemnity benefits, not to future medical expenses and in
limiting the credit to loss of earnings damages. The supreme court recently
addressed these arguments in *City of DeQuincy v. Henry*, 10-70 (La. 3/15/11), 62
So.3d 43, where it pointed out that amendments to La.R.S. 23:1102 and La.R.S.
23:1103 specify that the employer's credit extends to *all damages awarded
regardless of classification*. The court explained:

6

According to [the amendment to La.R.S. 23:1102(B)], an employer is now liable only for "any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs." The "Chapter" referred to in the amended language is Chapter 10, Workers' Compensation. The phrase "any benefits under this Chapter," then, necessarily includes future medical benefits, which are included in "this Chapter," Chapter 10, Workers' Compensation. Further, the statute specifically mandates that employers receive a "dollar for dollar credit against the *full amount* paid in compromise." La.Rev.Stat. § 23:1102 (emphasis added). Again, the "full amount" paid in compromise would necessarily include any future medical benefits paid in compromise. Likewise, the amendment to Section 23:1103 added a new Paragraph B, which reads:

> The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.

*Id.* at 51. The supreme court determined that the changes to Sections 1102(B) and 1103(B) "clearly evidence the intent of the legislature to require that employers and their insurers receive a credit for the entire amount of any compromise or settlement, or for the entire amount of a judgment, no matter how the damages have been itemized or classified." *Id.* Accordingly, the trial court erred in refusing to extend Intervenors' credit to future medical expenses and the credit provided in La.R.S. 23:1103(B), and this holding is reversed.

### When Did Interest Begin to Accrue on Intervenors' Demands?

The trial court awarded Intervenors interest on their judgment from the date their Petition for Intervention was filed, but Intervenors contend they are entitled to interest from the date Mr. Latiolais filed his suit against Bellsouth.

7

Litigants are entitled to interest on their judgment "as prayed for or as provided by law." La.Code Civ.P. art. 1921. In suits seeking "ex delicto" damages, such as Mr. Latiolais's suit, legal interest begins to accrue from the date of judicial demand. La.R.S. 13:4203.

Intervenors urge that as subrogees, they "step into [Mr. Latiolais's] shoes" with regard to his rights against Bellsouth; therefore, legal interest began to accrue on their claims from the date he filed suit. Louisiana Civil Code Article 1825 defines subrogation as "the substitution of one person to the rights of another." The supreme court explained a subrogees' rights in *Barreca v. Cobb*, 95-1651, p. 3 (La. 2/28/96), 668 So.2d 1129, 1131, stating "the insurer stands in the shoes of the insured and acquires the right to assert the actions and rights of the plaintiff." *See also Copeland Enters., Inc. v. Slidell Mem'l Hosp.*, 94-2011 (La. 6/30/95), 657 So.2d 1292. Intervenors acquired the right to assert Mr. Latiolais's claims against Bellsouth; therefore, they were not entitled to legal interest until they asserted the claims. Accordingly, the trial court did not err in denying Intervenors' interest on their reimbursements from the date Mr. Latiolais filed suit.

### Is the Trial Court's Calculation of Moody Fees Correct?

Pursuant to La.R.S. 23:1103(C)(1), Intervenors are responsible for a share of reasonable legal fees and costs incurred by Mr. Latiolais and his attorney which is "based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party." These fees are commonly known as "Moody" Fees. *See Moody v. Arabie*, 498 So.2d 1081 (La.1986), where the supreme court held that as co-owners of a property right, a cause of action against

8

a third-party tortfeasor, the employer and worker are each obligated to contribute proportionately to the maintenance and conservation of the right and set forth the calculation for determining each party's contribution based on various factors including each party's proportionate participation in obtaining the recovery.

At the hearing held to determine Intervenors' share of attorney fees and costs, counsel for Intervenors noted that they had drafted the Stipulation and asserted that the Stipulation assisted Mr. Latiolais in obtaining an award of $148,000.00 in past medical expenses, as well as some of his general damages. The trial court concluded that, contrary to their arguments, the Intervenors' involvement in the preparation and presentation of Mr. Latiolais's claims was limited and warranted Mr. Latiolais's counsel being awarded 32% of the amount recovered by Intervenors as a result of the suit. The trial court noted that the itemized information contained in the Stipulation's outline of indemnity benefits and medical expenses were insufficient to prove Mr. Latiolais's claims and explained that Mr. Latiolais had to use expert testimony to establish causation and necessity to prove his claims for lost wages, medical expenses, and damages to carry his burden of proof. We have reviewed the record in this light and find no error with the trial court's conclusion.

### Did the Trial Court err in Denying Intervenors' Motion for Reconsideration and for New Trial?

As previously discussed, the trial court erred in some respects when it denied Intervernors' Motion for Reconsideration and for New Trial, and the issues presented therein have been addressed.

***Is Intervenors' Appeal Frivolous?***

Mr. Latiolais answered Intervenors' appeal, claiming their appeal is frivolous to the extent that they argued the trial court erred in denying them interest on their judgment from the date Mr. Latiolais filed suit.

Pursuant to La.Code Civ.P. art. 2164, an appellate court can award damages for frivolous appeal. This provision is penal in nature; therefore, damages will not be awarded unless it appears the appeal was taken merely to delay the proceeding, no serious legal issue was raised, or counsel did not seriously believe in the position taken on appeal. *Cooks v. Rodenbeck*, 97-1389 (La.App. 3 Cir. 4/29/98), 711 So.2d 444. While we determined Intervenors' claim for interest was without merit, we do not find the criteria for frivolous appeal exist, as no case or statute directly on point was cited by either party and no such case or statute was found by this court. Accordingly, Mr. Latiolais's request is denied.

***Disposition***

For the reasons set forth above, the judgment on Intervenors' Motion for Reconsideration and New Trial and Motion to Fix Recovery and Credit is amended to provide:

> Intervenors are awarded the full sum of all amounts they have paid or actually pay to Mr. Latiolais prior to his reimbursement to them. If Mr. Latiolais and Intervenors cannot agree on the amount Mr. Latiolais is to reimburse Intervenors, Intervenors are instructed to file a motion to have the amount determined by the trial court.

Additionally, the judgment is reversed to the extent that it limits Intervenors' recovery for indemnity benefits to $51,000.00 and denies their request for a dollar for dollar credit for any and all future and post-judgment medical expenses. These credits are limited only by the amount of the recovery and Intervenors' Moody fees as determined by the trial court.

The trial court's denial of interest on Intervenors' recovery from the date Mr. Latiolais filed suit and its calculation of Intervernors' Moody fees is affirmed. The judgment of the trial court is affirmed in all other respects. Mr. Latiolais's request for damages for frivolous appeal is denied. Costs of this appeal are divided equally between the parties.

**REVERSED IN PART; AFFIRMED IN PART; AMENDED AND AFFIRMED AS AMENDED.**