McClendon, j.
12An injured employee appeals the judgment of the trial court that limited his recovery from a settlement with the underlying tortfeasor to one-third in attorney fees plus certain costs and awarded the remaining amount as reimbursement to the workers’ compensation employer. For the reasons that follow, we vacate and remand.
FACTUAL AND PROCEDURAL HISTORY
The facts of this case are not in dispute. On October 6, 2005, the plaintiff, Eugene Reider, was injured in an automobile accident while in the course and scope of his employment with the Parish of Ascension (Parish). The Parish paid Mr. Reider $22,607.52 in workers’ compensation benefits and on his behalf paid medical bills in the amount of $34,565.80, for a total of $57,173.32. The accident was caused by the fault of a driver insured by Allstate Insurance Company (Allstate). Mr. Reid-er filed suit against the tortfeasor and Allstate, and the matter was quickly settled for the policy limits of $25,000.00.[1] *793 The settlement check, issued on December 14, 2006, was made payable to Mr. Reider, his attorney Leroy Laiche, and the Parish. Additionally, Mr. Laiche and the Parish entered into a “Worker’s Compensation Agreement,” whereby it was agreed that Mr. Laiche could retain $8,333.33, or one-third of the $25,000.00 settlement.[2] Additionally, the parties agreed that Mr. Laiche would hold $16,666.67 in trust until a resolution was reached between the Parish and Mr. Reider for the Parish’s workers’ compensation reimbursement claim.[3]
The parties were unable to reach an agreement, and on May 19, 2010, the Parish filed suit against Mr. Reider, asserting that Mr. Reider owed the Parish ^reimbursement for the full extent and sum of the $16,666.67 amount being held by Mr. Laiche.
Following a bench trial on December 21, 2010, the trial court concluded that Mr. Laiche was entitled to one-third, or the $8,333.33, but no more. Additionally, Mr. Laiche was awarded $841.17, representing $91.17 for the reimbursement of litigation costs and $750.00 toward the reimbursement of $2,185.00 in medical treatment charges by Dr. Derrick Oakley. The trial court denied all other claims by Mr. Reid-er and Mr. Laiche and ordered that the remaining balance was to be paid to the Parish. A judgment reflecting the trial court’s ruling was signed on January 6, 2011, and Mr. Reider appealed.
DISCUSSION
On appeal, Mr. Reider contends that the trial court committed legal error in limiting his recovery to one-third of the settlement proceeds. He asserts that his attorney is entitled to his contractual fee of forty percent of the settlement proceeds plus expenses, which includes litigation costs, funds advanced to the client, and reimbursement for medical expenses not paid by the Parish. He claims that because he never filed a workers’ compensation claim and because the Parish never intervened in his tort lawsuit, his attorney was not bound by the one-third maximum established in LSA-R.S. 23:1103. Therefore, according to Mr. Reider, he is entitled to the forty percent attorney fee, as well as the $2,185.00 medical lien of Dr. Oakley, $223.67 in litigation costs, and $2,950.00 in living expenses advanced by Mr. Laiche, leaving an amount of $9,641.33 for reimbursement to the Parish.
On the other hand, the Parish maintains that LSA-R.S. 23:1103 limits Mr. Reider and his attorney to one-third of the settlement proceeds, which includes attorney fees and costs. Therefore, the Parish claims entitlement to the entire $16,666.67 on deposit in the registry of the court.
The rights against third parties are set forth in Subpart E of Louisiana’s workers’ compensation law. See LSA-R.S. 23:1101, et seq. The parties to this matter asserted, and the trial court agreed, that LSA-R.S. 23:1103 was the |4applicable statute. However, subsequent to the trial court’s judgment and Mr. Reider’s appeal in this matter, the Louisiana Supreme Court decided the case of City of DeQuincy v. Henry, 10-0070 (La.3/15/11), 62 So.3d 43, in which it analyzed and interpreted Sections 1102 and 1103. The supreme court, in explaining that the case was one of *794 statutory interpretation, held that Section 1102 applies only to situations involving the settlement of a third-party tort claim, whether or not suit was filed, while Section 1103 applies to those cases that are actually tried to judgment. City of DeQuincy, 10-0070 at pp. 5-6, 62 So.Sd at 48. Referencing the clear wording of the statutes, the supreme court stated that Section 1102 is applicable “[i]f either the employee or his dependent or the employer or insurer brings suit against a third person” and “a compromise with such third person is made by the employee or his dependents.” Section 1103, on the other hand, applies “[i]n the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered.” City of DeQuincy, 10-0070 at p. 6, 62 So.3d at 48.
The supreme court acknowledged that the courts of this state have applied the two statutes inconsistently, sometimes applying Section 1102 to third-party claims that proceeded to judgment, and at other times applying Section 1103 to third-party claims that were settled. The court however confirmed that the division of funds received following the compromise of a claim is controlled by Section 1102, and not by Section 1103, which applies to apportionment of damages awarded in a judgment in a tort suit between the employer and employee in suits against third parties. City of DeQuincy, 10-0070 at p. 10, 62 So.3d at 50.
In this matter, as previously noted, the parties, as well as the trial court, believed that this action was controlled by LSA-R.S. 23:1103, rather than LSA-R.S. 23:1102. Accordingly, evidence was presented and argument made pursuant to Section 1103. The parties did not have the opportunity to submit evidence and fully address the issues presented under Section 1102.
| ^Louisiana Code of Civil Procedure Article 2164 provides that an “appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” It is well settled that an appellate court is empowered under this article to remand a case to the trial court for the taking of additional evidence where it is necessary to reach a just decision and to prevent a miscarriage of justice. Alex v. Rayne Concrete Service, 05-1457, p. 23 (La.1/26/07), 951 So.2d 138, 155. Although a court should always remand a case whenever the nature and extent of the proceedings dictate such a course, whether or not any particular case should be remanded is a matter that is vested largely within the court’s discretion and depends upon the circumstances of the case. Id.
Accordingly, pursuant to this court’s authority under Article 2164, we find that justice requires that this matter should be remanded to the trial court for proper consideration in light of the City of DeQuincy decision. For these reasons, we find that the most appropriate remedy under Article 2164 is to vacate the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
CONCLUSION
Based on the foregoing, the January 6, 2011 judgment of the trial court is vacated, and the matter is remanded to the trial court for reconsideration in light of City of DeQuincy v. Henry, 10-0070 (La.3/15/11), 62 So.3d 43. Costs of this appeal are assessed equally between the parties.
VACATED AND REMANDED.
WELCH, J., concurs in the result.

. This lawsuit was entitled, "Eugene and Susan Reider and Joseph Landry v. Curtis J. *793 Tureau and Allstate Insurance Company,” Docket No. 84,398 of the 23rd Judicial District Court, Parish of Ascension.

. The Parish was represented by Gary Lee of Resolution Services Corporation, the third-party administrator (TPA) for the Parish. As the TPA, Resolution Services Corporation administers, manages, and adjusts workers’ compensation claims by Parish employees.

. This amount was subsequently placed into the registry of the court.